FILED: AUG 15, 2008
08CV4643
JUDGE NORGLE
MAGISTRATE JUDGE NOLAN

27938.00O3X5                    Document #: 782495        JFB                    #412

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TERESA MARETTA and RICHARD MARETTA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.:    08 CH 24504 |
| | ) | |
| LIBERTY MUTUAL FIRE INSURANCE | ) | Removed to Federal Court |
| COMPANY, | ) | |
| | ) | No.:    _____ |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Now comes the Defendant Liberty Mutual Fire Insurance Company ("Liberty"), by and through its attorneys, Bradley C. Nahrstadt and Christina D. Harrison, and pursuant to 28 U.S.C. §§1441(a)(b) and 28 U.S.C. §1446, hereby files its Notice of Removal of this cause of action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.  Pursuant to 28 U.S.C. §1446(a), the defendant sets forth a short and plain statement of the grounds for removal as follows:

1.      On or about July 9, 2008, plaintiffs filed a three count complaint against Liberty in the Circuit Court of Cook County, Illinois, a copy of which is attached hereto and incorporated herein by reference as Exhibit 1.

2.      Plaintiffs did not make a jury demand when they filed their complaint in state court. *See* Ex. 1.

3.      On July 18, 2008, plaintiffs obtained service of summons and complaint upon Liberty through Michael McGrath, the Illinois Director of Insurance.  A copy of Mr. McGrath's acknowledgement of service of the summons and complaint is attached hereto as Exhibit 2.

4.      This Notice of Removal has been filed within the time required by 28 U.S.C. §1446(b).

5.      No previous application for the relief sought herein has been made to this Court or

any other court.

6.    This action is removable pursuant to 28 U.S.C. §1441(a) because it is a civil action over which this Court has original jurisdiction and because Liberty is removing this action to the district and division embracing the place where the action is pending.

7.    This Court has original jurisdiction of the civil action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and because the action is between citizens of different states.

8.    Plaintiffs admit that the damages sought for the claims which are the subject of the Complaint, exceed the sum or value of $75,000, exclusive of interest and costs. *See* Ex. 1 at ¶¶ 37, 38, 44 and the wherefore clause of Counts I and III.

9.    The Plaintiffs are citizens of the State of Illinois. *See* Ex. 1 at Exhibit A (Liberty Mutual Declaration Page designating Richard J. Maretta as living in Brookfield, Illinois) and Exhibit C (Illinois Traffic Crash Reports designating both Mr. and Mrs. Maretta as residing in Illinois).

10.    Liberty is, and was, at the time plaintiffs commenced this action in Illinois state court, a corporation existing under the laws of the State of Wisconsin with its principal place of business in Massachusetts.

11.    Liberty is the only named defendant in the Complaint. *See* Ex. 1.

12.    Complete diversity of the citizenship exists in this action.

13.    Pursuant to 28 U.S.C. §1441(b), the United States District Court for the Northern District of Illinois is the appropriate court for filing a Notice of Removal from the Circuit Court of Cook County, Illinois where the action is pending.

14.    Pursuant to 28 U.S.C. §1446(b), Liberty shall give plaintiffs, through their attorney of record, written notice of the filing of this Notice of Removal and Liberty shall file the written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Cook

County, Illinois, attaching thereto a copy of this Notice of Removal.

15.    Pursuant to 28 U.S.C. §1441, this action is removable to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, the defendant, Liberty Mutual Fire Insurance Company, gives notice that the matter styled as *Maretta v. Liberty Mutual Fire Insurance Company,* Case No. 08 CH 24504, which was pending in the Circuit Court of Cook County, Illinois is removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

LIBERTY MUTUAL FIRE INSURANCE COMPANY

By:    s/Christina D. Harrison
       Christina D. Harrison (Illinois Bar No.6256916)
       Williams, Montgomery & John, Ltd.
       20 North Wacker Drive, Suite 2100
       Chicago, IL 60606
       (312) 443-3200

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of this Notice of Removal was served upon the below described individuals by placing said instrument in a postage paid envelope and placing it in the United States mail at 20 N. Wacker Drive, Chicago, Illinois on the 15th day of August, 2008.

s/ Christina D. Harrison
Christina D. Harrison

**Attorney for Plaintiffs**

Steven C. Fuoco, Esq.
1055 Golf Avenue
Highland Park, IL  60035

3

FILED: AUG 15, 2008
JUDGE NORGLE
MAGISTRATE JUDGE NOLAN
JFB

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TERESA MARETTA and RICHARD MARETTA | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 08CH24504 |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | ) |
| | ) |
| Defendant, | ) |

DOROTHY BROWN — CLERK

2008 JUL -9 AM 9:29
CIRCUIT COURT OF COOK
COUNTY ILLINOIS
CHANCERY DIV.
FILED - 2

## COMPLAINT

The plaintiffs, TERESA MARETTA and RICHARD MARETTA, by their attorney,

STEVEN C. FUOCO, complaining of the defendant, LIBERTY MUTUAL FIRE INSURANCE

COMPANY, pleading hypothetically and in the alternative, state as follows:

## COUNT I

RECEIVED
STATE OF ILLINOIS
DEPT. OF INSURANCE
CHICAGO, ILLINOIS
JUL 1 8 2008

1.      Before April 16, 2003, the plaintiffs, TERESA MARETTA and RICHARD

MARETTA purchased an automobile liability insurance policy from defendant, LIBERTY

MUTUAL FIRE INSURANCE COMPANY.

2.      The automobile liability insurance policy the plaintiffs purchased from the

defendant had policy number A02-243-466330-003 8.

3.      The automobile liability insurance policy the plaintiffs purchased from the

defendant had effective dates of April 16, 2003 to April 16, 2004.

4.      The automobile liability insurance policy the plaintiffs purchased from the

defendant had a separate underinsured motorist coverage limit of $100,000 for each person and

$300,000 for each accident.

5.      The automobile liability insurance policy the plaintiffs purchased from the

1

EXHIBIT
1
PENGAD 800-631-6989

defendant had a separate medical payments coverage limit of $10,000 for each person.

6.     The automobile liability insurance policy the plaintiffs purchased from the defendant covered the plaintiff's 1990 Plymouth Grand Voyager minivan.

7.     On or about April 16, 2003, the plaintiffs paid defendant the annual premium in full for policy number A02-243-466330-003 8.

8.     Attached as Exhibit A is a true and correct copy of the Declarations for policy number A02-243-466330-003 8 covering plaintiff, RICHARD MARETTA as the named policy holder and also covering plaintiff, TERESA MARETTA, as the spouse of plaintiff, RICHARD MARETTA and residing in the same household as plaintiff, RICHARD MARETTA in Brookfield, Illinois.

9.     On or about December 16, 2003, the plaintiffs had stopped their minivan covered by policy A02-243-466330-003 8 at a stoplight for westbound Roosevelt Road at the intersection with Harlem Avenue in Oak Park, Cook County, Illinois.

10.     On or about December 16, 2003, a car driven by a motorist named Mark W. Lewis collided with the rear of plaintiff's stopped minivan.

11.     The December 16, 2003 collision of Mark W. Lewis' car with the rear of plaintiff's minivan caused damage to the plaintiff's minivan.

12.     The December 16, 2003 collision of Mark W. Lewis' car with the rear of plaintiff's minivan caused bodily injury to plaintiff, TERESA MARETTA.

13.     The December 16, 2003 collision of Mark W. Lewis' car with the rear of plaintiff's minivan caused bodily injury to plaintiff, RICHARD MARETTA.

14.     After the December 16, 2003 collision of Mark W. Lewis' car with the rear of plaintiff's minivan, the plaintiffs both sought emergency room treatment at Loyola University

2

Medical Center.

15.    After the December 16, 2003 collision of Mark W. Lewis' car with the rear of plaintiff's minivan and their discharge from Loyola University Medical Center, the plaintiffs both received medical care for their family practice physician, had radiologic imaging taken, underwent prescribed physical therapy and had neurosurgical specialty practice visits related to bodily injury caused by the December 16, 2003 collision of Mark W. Lewis' car with the rear of plaintiff's minivan.

16.    On or about December 17, 2003, the plaintiff reported to defendant the collision of Mark W. Lewis' car with the rear of plaintiff's minivan, the existence of collision rear end damage to their minivan and that both plaintiffs had been injured in this collision and sought medical care.

17.    After December 18, 2003, the defendant settled the plaintiffs' collision rear end minivan damage claim under policy A02-243-466330-003 8 for $551.40 after deduction of the plaintiff's $500.00 property damage deductible.

18.    After December 18, 2003, the plaintiffs made medical payments coverage claims under policy A02-243-466330-003 8 to defendant.

19.    After July 15, 2004, defendant received direct subrogation reimbursement by checks attached as Exhibit B payable to defendant from Mark W. Lewis' automobile liability insurer for defendant's payments made after submission of plaintiff's medical payments coverage claims.

20.    On or about June 28, 2005, plaintiffs filed their Cook County Circuit Court, Law Division negligence action, docketed 2005 L 7102 against Mark W. Lewis because of the December 16, 2003 collision to recovery money damages for their bodily injuries.

21.     On or about December 16, 2005, the plaintiffs served the defendant with certified mail written notice attached as Exhibit C of their individual underinsured motorist coverage claims arising from the December 16, 2003 collision of Mark W. Lewis' car with the rear of plaintiff's minivan and demanded arbitration of their individual claims if settlement with defendant could not be reached.

22.     By May 5, 2006 interrogatory answer filed in *Maretta v. Lewis*, defendant, Mark W. Lewis indentified Affirmative Insurance Company as his automobile liability insurer providing coverage for the December 16, 2003 collision and a liability limit of only $20,000 per person and $40,000 per accident.

23.     After taking written and noticed oral discovery, on May 24, 2007, Lewis counsel for Affirmative made a written settlement offer to plaintiff, TERESA MARETTA of the $20,000 per person coverage limit, less the $1,338.87 direct subrogation payment (See Ex. D) made by Affirmative to defendant making the net settlement offer $18,661.13 to plaintiff, TERESA MARETTA.

24.     On May 29, 2007, the Affirmative net settlement offer of $18,661.13 to plaintiff, TERESA MARETTA was communicated by facsimile letter to defendant's in-house attorneys requesting that defendant to waive its subrogation rights against Lewis and permitting plaintiff, TERESA MARETTA to accept the net settlement offer (See attached Group Exhibit E).

25.     On July 5, 2007, defendant waived its subrogation right against Lewis and approved plaintiff, TERESA MARETTA's acceptance of the net settlement offer by e-mail from defendant's in-house attorney (See attached Exhibit F).

26.     On July 25, 2007, the circuit court dismissal of plaintiff, TERESA MARETTA's claim against Lewis was reported by e-mail to defendant's in-house attorneys and a question was

asked in this e-mail about exactly what defendant needed to receive in order to evaluate plaintiff, TERESA MARETTA's underinsured motorist claim, with offer made to provide plaintiff, TERESA MARETTA's medical treatment records, bills and depositions taken in *Maretta v. Lewis* (See attached Exhibit G).

27.     On July 26, 2007, defendant replied by e-mail requesting just the bills and records and with defendant's in-house attorneys to provide an evaluation of liability and probable outcome if the case went to trial (See Ex. G).

28.     On August 3, 2007, an e-mail request (see attached Exhibit H) was sent to defendant to confirm the full satisfaction of defendant's medical payments subrogation with the July 15, 2004 Affirmative checks (See Ex. B) previously received by defendants, with a copy of both Affirmative July 15, 2004 checks to defendant attached to this e-mail.

29.     On August 9, 2007, defendant sent a reply e-mail (see attached Exhibit I) reporting difficulty opening the e-mail attachment of Affirmative's July 15, 2004 check copy for plaintiff, RICHARD MARETTA and asked for this attachment to be sent again in the same format as the other Affirmative July 15, 2004 check copy attachment for plaintiff, TERESA MARETTA.

30.     On August 9, 2007, a reply e-mail was sent to defendant with the Affirmative's July 15, 2004 check copy for plaintiff, RICHARD MARETTA re-sent to defendant as requested in PDF format (See Ex. I).

31.     On August 27, 2007, Lewis counsel for Affirmative made a written settlement offer (See attached Exhibit J) to plaintiff, RICHARD MARETTA of the $20,000 per person coverage limit, less the $2,974.12 direct subrogation payment (See Ex. B) made by Affirmative to defendant making the net settlement offer $17,025.88 to plaintiff, RICHARD MARETTA.

5

32.    On August 28, 2007, the Affirmative net settlement offer of $17,025.88 to

plaintiff, RICHARD MARETTA was communicated by e-mail to defendant's in-house attorneys

requesting that defendant to waive its subrogation rights against Lewis and permitting plaintiff,

RICHARD MARETTA to accept the net settlement offer (See attached Exhibit K).

33.    On August 28, 2007, defendant waived its subrogation right against Lewis and

approved plaintiff, RICHARD MARETTA's acceptance of the net settlement offer by e-mail

from defendant's representative but reserved their right to collect medical payments subrogation

(See attached Exhibit L).

34.    On August 28, 2007, a reply e-mail (see attached Exhibit M) sent to defendant's

claim representative once again pointed out defendant's previous receipt of Affirmative's July

15, 2004 check as medical payments subrogation reimbursement for plaintiff, RICHARD

MARETTA, with defendant's negotiation of this check seen on the check reverse side, and sent

both sides of this check to defendant as an attachment to this e-mail.

35.    On August 28, 2008, a reply e-mail (see attached Exhibit N) sent to defendant's

claim representative asked what records defendant needed to evaluate each plaintiff's

underinsured motorist claim.

36.    By reply e-mail, defendant's claim representative asked for submission of medical

records, bills, hospital and operative reports, any pre-existing problems related to accident

injuries, employment, wage loss information and wage loss verification, with submission to

defendant's in-house attorney (Ex. N).

37.    On September 28, 2007, plaintiff, RICHARD MARETTA submitted eight

evidentiary items, including physician deposition testimony developed in *Maretta v. Lewis* and

medical expenses totaling $11,405.48 by hand delivery to defendant's in-house counsel to

6

support plaintiff's underinsured motorist $100,000 policy limit claim, for the medical payments coverage limits and named his arbitrator (See Exhibit O).

38.    On October 1, plaintiff, TERESA MARETTA submitted eight evidentiary items, including physician deposition testimony developed in *Maretta v. Lewis* and medical expenses totaling $57,628.20 by hand delivery to defendant's in-house counsel to support plaintiff's underinsured motorist $100,000 policy limit claim, for the medical payments coverage limits and named her arbitrator (See Exhibit P).

39.    On October 12, 2007, plaintiff, RICHARD MARETTA submitted by hand delivery to defendant's in-house counsel follow up medical records in the form of a neurosurgeon's office chart for plaintiff and a MRI report verifying a C2-3 disc herniation after request for this information via October 2, 2008 by defendant's in-house counsel (See Exhibit Q).

40.    By October 24, 2007 e-mail to defendant's claim representative and defendant's in-house counsel, plaintiffs requested a reasonable time frame for defendant to evaluate the claims of both plaintiffs and attached to this e-mail a copy of the plaintiffs' declarations for policy number A02-243-466330-003 8 to verify a medical payments coverage limit of $10,000 for each plaintiff (See Exhibit R).

41.    Despite the October 24, 2007 e-mail to defendant's claim representative and defendant's in-house counsel requesting to set a reasonable time frame for defendant to evaluate the claims of both plaintiffs, defendant did not respond to this request, did not make a settlement offer and did not name an arbitrator.

42.    By November 2, 2007 e-mail from defendant's claim representative (see Exhibit S), defendant's claim representative reporting performing her claim evaluations and that

defendant made medical payments for plaintiff, TERESA MARETTA of $8,662.00 and $3,304.58 for plaintiff, RICHARD MARETTA.

43.     By November 2, 2007 reply e-mail to defendant's claim representative (see Exhibit S), plaintiffs asked for defendant's proof by medical expense bills submitted to defendant and defendant's expense payment checks to verify defendant's claimed medical expense payments for plaintiff, TERESA MARETTA of $8,662.00 and $3,304.58 for plaintiff, RICHARD MARETTA and again mentioned defendant's prior medical payments subrogation payments received from Affirmative.

44.     Also by a second November 2, 2007 reply e-mail to defendant's claim representative (see Exhibit T), plaintiffs answered defendant's claim representative's question about plaintiff, TERESA MARETTA's history of prior lumbar spine degeneration and asking for a doctor's report about her then current condition and treatment related to the Lewis collision and why each plaintiff's claim had a value in excess of the $100,000 underinsured motorist coverage limit available to each plaintiff.

45.     Again, by November 28, 2007 e-mail to defendant's claim representative and defendant's in-house counsel, plaintiffs requested a reasonable time frame for defendant to evaluate the claims of both plaintiffs for the second time. (See Exhibit U).

46.     By November 28, 2007 e-mail from defendant's claim representative (see Exhibit V) the evaluation of the claims for each plaintiff was to be done the following week and defendant's claim representative reported having the defendant's medical payments "screens" that had been requested earlier on November 2nd (See Ex. U) and wanted the plaintiff's counsel address to mail these out. Plaintiff's counsel provided his mailing address in reply e-mail.

47.     Despite the November 28, 2007 e-mail to defendant's claim representative and

8

defendant's in-house counsel requesting for the second time to set a reasonable time frame for

defendant to evaluate the claims of both plaintiffs, defendant did not follow through, did not

make a settlement offer and did not name an arbitrator.

48.     Instead, by December 3, 2007 e-mail from defendant's in-house attorneys (see

Exhibit W), more medical records for plaintiff, RICHARD MARETTA from plaintiffs' family

physician and from the Loyola University Medical Center emergency room were requested,

though plaintiff had already submitted to defendant the trial evidence depositions of plaintiff's

family physician and plaintiff's neurosurgeon that discussed care by both providers from whom

additional records were sought by defendant (see Exhibit O).

49.     By hand delivery on December 10, 2007, plaintiff, RICHARD MARETTA

provided defendant a complete copy of his patient chart from plaintiff's family physician and

reported yet getting an authorization from defendant's in-house attorneys for release of plaintiff's

Loyola University Medical Center emergency room treatment records (See Exhibit X).

50.     By December 13, 2007 facsimile (see Exhibit Y), defendant's in-house attorneys

sent an authorization for release of records for plaintiff, RICHARD MARETTA's entire medical

treatment history from Loyola University Medical Center, plaintiff's family physician, LaGrange

Memorial Hospital, plaintiff's neurosurgeon, Westbrook MRI Center and University of Illinois at

Chicago, though plaintiff had already submitted to defendant the trial evidence testimony of

plaintiff's family physician and plaintiff's neurosurgeon and all Lewis collision medical

treatment records other than the Loyola University Medical Center emergency room treatment

records (See Exhibit O).

51.     By January 8, 2008 hand delivery to defendant's in-house attorneys, plaintiff,

RICHARD MARETTA returned the signed authorization for release of plaintiff, RICHARD

MARETTA's entire medical treatment history from Loyola University Medical Center,
plaintiff's family physician, LaGrange Memorial Hospital, plaintiff's neurosurgeon, Westbrook
MRI Center and University of Illinois at Chicago (See Exhibit Z).

52.    On February 18, 2008, another facsimile request form for authorization by
plaintiff, RICHARD MARETTA for release of his Loyola University Medical Center medical
treatment records arrived, this time from Keais Records Service in Houston, Texas acting on
behalf of defendant's in-house counsel (See Exhibit AA).

53.    On February 26, 2008, plaintiff, RICHARD MARETTA again provided his
signed authorization to Keais Records Service by facsimile for release of his Loyola University
Medical Center medical treatment records (See Exhibit BB).

54.    By April 16, 2008, defendant's in-house attorneys has received all the requested
medical treatment records (see Exhibit CC) defendant sought for plaintiff, RICHARD
MARETTA by the earlier December 13, 2007 facsimile request (see Exhibit Y) for plaintiff's
signed authorization

55.    By April 23, 2008 e-mail sent to defendant's in-house attorneys and defendant's
claim representative asking for a response from defendant for the claims of each plaintiff that
now had been pending seven months and since the medical records for plaintiff, RICHARD
MARETTA has been received by defendant for a month or more (See Exhibit DD).

56.    The April 23, 2008 e-mail to defendant's in-house attorneys and defendant's
claim representative also reported never receiving the medical payment "screens" defendant's
claim representative promised to mail on November 28 2007, with attachment of the November
28th e-mail string as proof of this prior communication (See Exhibit DD).

57.    By May 8, 2007 [sic] letter sent from defendant's in-house attorneys, the

defendant's claim representative assigned had reportedly left defendant's employment and

representation made of the amounts defendant was allowed to take for previous medical

payments made to set off and reduce the uninsured motorist benefits amount owed by defendant

to each plaintiff. (See Exhibit FF).

58.     By May 12, 2008 reply e-mail sent to defendant's in-house attorneys, request was

made for a certified copy of plaintiff's complete copy of policy A02-243-466330-003 8 for the

2003 through 2004 effective dates, with all terms, conditions, exclusions and endorsements to

finally determine the rights of plaintiffs and defendant, especially defendant's asserted right to

set off and reduce plaintiff's uninsured motorist benefits owed for payments defendant made on

each plaintiff's behalf from separate medical payments coverage in plaintiff's policy (See

Exhibit GG).

59.     By May 14, 2008 e-mail forward from defendant's in-house attorneys, the request

for a certified copy of plaintiff's complete copy of policy A02-243-466330-003 8 had been

communicated to defendant's claim manager in the unit responsible for each plaintiffs' claims

(See Exhibit GG).

60.     To date, defendant did not provide the November 28, 2007 promised proof of the

previous "medpay" payments defendant has represented it made on behalf of each plaintiff.

61.     To date, defendant did not provide the requested certified copy of plaintiff's

complete copy of policy A02-243-466330-003 8.

62.     To date, defendant has not made a settlement offer to either plaintiff.

63.     To date, defendant has not named an arbitrator.

64.     At all times relevant herein, plaintiffs, TERESA MARETTA and RICHARD

MARETTA fulfilled any duty of cooperation with defendant and to aid defendant's claim

investigation as may be required by the terms of plaintiff's policy A02-243-466330-003 8 by

providing evidentiary materials to defendant or defendant's in-house attorneys and executing

authorizations for release of medical treatment records whenever requested by defendant,

defendant's in-house attorneys or a third party acting on defendant's behalf.

      65.     At all times relevant herein, there existed a certain Illinois statute found at 215

ILCS 5/155 prohibiting insurers, including defendant, LIBERTY MUTAL FIRE INSURANCE

COMPANY from vexatious and unreasonable delay in the payment of losses on policies of

insurance.

      66.     On or about October 24, 2007 and at all times after, defendant, LIBERTY

MUTAL FIRE INSURANCE COMPANY violated the statutory duty found in 215 ILCS 5/155

in one or more of the following respects:

     a)     refused to evaluate the claims of each plaintiff on the very same
evidentiary record developed in *Maretta v. Lewis* court authorized
discovery that was relied upon and deemed sufficient by Affirmative
Insurance Company to make policy limits settlement offers to each
plaintiff before scheduled trial or in trial;

     b)     failed to mail proof of defendant's asserted medical payments made on
behalf of each plaintiff despite written promise to do so and while
continuing to assert a right to credit for these unverified amounts;

     c)     purposely created delay in the payment of each plaintiff's claims by
ignoring the sworn testimony of each plaintiff's treating
physician giving a *Maretta v. Lewis* deposition submitted to defendant that
established each plaintiff's injuries, necessary medical treatment and
prognosis stemming from the December 16, 2003 collision caused by
uninsured motorist, Lewis to demand the production of additional medical
records duplicative of pertinent medical facts found in each treating
physician's sworn testimony;

     d)     purposely using the asserted need for additional medical treatment records
and a claim staffing departure to further delay the payment of
each plaintiff's claims, deliberately frustrate plaintiffs and attempt to
leverage a claim resolution for an amount substantially less than each
plaintiff's claim demand;

e)    purposely did not provide the requested certified copy of the plaintiffs' complete policy A02-243-466330-003 8;

f)    purposely avoided naming an arbitrator for defendant to avoid setting the arbitration provisions found in plaintiff's policy A02-243-466330-003 8 in motion to further delay the resolution of each plaintiff's claims by preventing an arbitration proceeding; and

g)    otherwise deliberately delayed claim unit action to avoid evaluation and payment of each claim made by each plaintiff to obtain an advantageous outcome for defendant and to disadvantage each plaintiff.

67.    By one or more of defendant, LIBERTY MUTAL FIRE INSURANCE COMPANY's foregoing violations of 215 ILCS 5/155, plaintiffs, TERESA MARETTA and RICHARD MARETTA seek $60,000 as compensation for their attorney fees, court costs and extra contractual damages permitted by 215 ILCS 5/155(b) because of defendant, LIBERTY MUTAL FIRE INSURANCE Company's vexatious and unreasonable delay in the payment of each plaintiff's claim for uninsured motorist benefits and medical payments coverage, pursuant to plaintiff's policy A02-243-466330-003 8 purchased from defendant.

WHEREFORE plaintiffs, TERESA MARETTA and RICHARD MARETTA demand judgment against defendant, LIBERTY MUTAL FIRE INSURANCE COMPANY in the amount of SIXTY THOUSAND ($60,000.00) DOLLARS.

## COUNT II

1 – 64. Plaintiffs, TERESA MARETTA and RICHARD MARETTA re-allege and restate the allegations found in Paragraphs 1 through 62 of COUNT I as and for Paragraphs 1 through 62 of COUNT II as though filly stated herein.

65.    At all times relevant herein, there existed a certain Illinois statute found at 815 ILCS 205/2 permitting the recovery of prejudgment interest in the amount of five (5) percent per annum upon ..."money withheld by unreasonable and vexatious delay of payment." and includes

13

all money due on "...other instrument of writing;..."

66.    At all times relevant herein, plaintiff's policy A02-243-466330-003 8 purchased

from defendant is a "...other instrument of writing;..." for which prejudgment interest is

collectable.

67.    On or about October 24, 2007 and at all times after, defendant, LIBERTY

MUTAL FIRE INSURANCE COMPANY withheld by unreasonable and vexatious delay of

payment to each plaintiff their underinsured motorist and medical payment coverage benefits

totaling $110,000 dollars, less credit allowed to defendant for each plaintiff's previous settlement

with the Lewis uninsured motorist in one or more of the following respects:

    a)    refused to evaluate the claims of each plaintiff on the very same evidentiary record developed in *Maretta v. Lewis* court authorized discovery that was relied upon and deemed sufficient by Affirmative Insurance Company to make policy limits settlement offers to each plaintiff before scheduled trial or in trial;

    b)    failed to mail proof of defendant's asserted medical payments made on behalf of each plaintiff despite written promise to do so and while continuing to assert a right to credit for these unverified amounts;

    c)    purposely created delay in the payment of each plaintiff's claims by ignoring the sworn testimony of each plaintiff's treating physician giving a *Maretta v. Lewis* deposition submitted to defendant that established each plaintiff's injuries, necessary medical treatment and prognosis stemming from the December 16, 2003 collision caused by uninsured motorist, Lewis to demand the production of additional medical records duplicative of pertinent medical facts found in each treating physician's sworn testimony;

    d)    purposely using the asserted need for additional medical treatment records and a claim staffing departure to further delay the payment of each plaintiff's claims, deliberately frustrate plaintiffs and attempt to leverage a claim resolution for an amount substantially less than each plaintiff's claim demand;

    e)    purposely did not provide the requested certified copy of the plaintiffs' complete policy A02-243-466330-003 8;

f)      purposely avoided naming an arbitrator for defendant to avoid setting the
arbitration provisions found in plaintiff's policy A02-243-466330-003 8 in
motion to further delay the resolution of each plaintiff's claims by
preventing an arbitration proceeding; and

g)      otherwise deliberately delayed claim unit action to avoid evaluation and
payment of each claim made by each plaintiff to obtain an advantageous
outcome for defendant and to disadvantage each plaintiff.

68.      By one or more of defendant, LIBERTY MUTAL FIRE INSURANCE

COMPANY's foregoing acts of unreasonable and vexatious delay of payment to each plaintiff

their underinsured motorist and medical payment coverage benefits, plaintiffs, TERESA

MARETTA and RICHARD MARETTA demand judgment against defendant, LIBERTY

MUTAL FIRE INSURANCE COMPANY in a corresponding amount of prejudgment interest

authorized by 815 ILCS 205/2 and to be calculated precisely at the time of judgment entry.

## COUNT III

1 – 64. Plaintiffs, TERESA MARETTA and RICHARD MARETTA re-allege and restate

the allegations found in Paragraphs 1 through 62 of COUNT I as and for Paragraphs 1 through

62 of COUNT III as though filly stated herein.

65.      At all times relevant herein, there existed a certain Illinois statute found at 735

ILCS 5/2-701 permitting the grant of relief in cases of actual controversy by declaratory

judgment.

66.      On and after October 24, 2007, actual controversies existed between plaintiffs,

TERESA MARETTA and RICHARD MARETTA and defendant, LIBERTY MUTAL FIRE

INSURANCE COMPANY concerning a reasonable time frame for defendant to investigate and

value the claims made by each plaintiff; a reasonable time frame for defendant to provide

sufficient proof of each asserted "medpay" coverage  payment defendant claims to have made on

each plaintiff's behalf and asserts the right to reduce each plaintiff's underinsured motorist claim

15

by taking set-off credit for each "medpay" payment; for defendant to provide a requested

certified and complete copy of plaintiff's A02-243-466330-003 8 policy; and defendant's

obligation in accordance with the underinsured motorist coverage policy terms in plaintiff's A02-

243-466330-003 8 policy to name an arbitrator within a set time frame after plaintiff's

September 28, 2007 designation of their arbitration panelist.

     67.     Based upon these actual controversies existing on and after October 24, 2007 to

the present day between plaintiffs, TERESA MARETTA and RICHARD MARETTA and

defendant, LIBERTY MUTAL FIRE INSURANCE COMPANY, the Court should grant

declaratory relief to plaintiffs in the following respects:

     a)     defendant had been provided a sufficient evidentiary record developed
in the underlying *Maretta v. Lewis* action from which to determine
whether the Lewis underinsured motorist had caused bodily injury to each
plaintiff and each plaintiff's entitlement to their per person underinsured
motorist coverage policy limit of $100,000 and medical payments
coverage demanded, less available set-offs;

     b)     defendant unreasonably failed to sent proof of asserted medical payments
made on behalf of each plaintiff despite written promise to do so and
while continuing to assert a right to credit for these unverified amounts;

     c)     defendant unreasonably delayed the evaluation and valuation of each
plaintiff's claims by ignoring the sworn testimony of each plaintiff's
treating physician giving a *Maretta v. Lewis* deposition submitted to
defendant that established each plaintiff's injuries, necessary medical
treatment and prognosis stemming from the December 16, 2003 collision
caused by uninsured motorist, Lewis to insist upon the production of
medical authorization from plaintiffs to additional medical records
duplicative of pertinent medical facts found in each treating physician's
sworn testimony;

     d)     defendant unreasonably delayed taking any action toward each plaintiff's
claims since October 24, 2007 by not either paying each plaintiff's claims,
making a settlement offer of any amount or naming an arbitration panelist
within 30 or 45 days after September 28, 2007 in accordance with the
underinsured motorist coverage terms in plaintiff's A02-243-466330-003
8 policy; and

16

e)    by failing to name an arbitration panelist, defendant legally waived its
right to resolve by arbitration the issue of whether: 1) the Lewis
underinsured motorist's collision with the plaintiff's covered minivan
caused bodily injury to each plaintiff on December 16, 2003 and 2) what
amount up to and including the $100,000 uninsured motorist coverage
limits available to each plaintiff is reasonable compensation for each
plaintiff's bodily injury stemming from the December 16, 2003 rear end
collision caused by the Lewis underinsured motorist.

68.    Based upon the Court's entry of declaratory judgment for plaintiffs, TERESA

MARETTA and RICHARD MARETTA and against defendant, LIBERTY MUTAL FIRE

INSURANCE COMPANY, the Court should do equity between the parties by Order compelling

defendant, LIBERTY MUTAL FIRE INSURANCE COMPANY to immediately pay the

uninsured motorist claim and the medical payments coverage claim of each plaintiff without any

further delay.

Respectfully submitted,

Steven C. Fuoco
Counsel for Plaintiffs

Steven C. Fuoco
1055 Golf Avenue
Highland Park, IL 60035
847/432-LAWS (5297)
Court ID #42887


**Liberty Mutual.**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**
**LIBERTYGUARD AUTO POLICY DECLARATIONS**
BOSTON, MASSACHUSETTS

YOUR POLICY NUMBER:  AO2-243-466330-003 8

NAMED INSURED AND MAILING ADDRESS:
RICHARD J MARETTA
3235 PARK AVE
BROOKFIELD IL  60513-1323

THESE DECLARATIONS EFFECTIVE:  04/16/03
FOR SERVICE PLEASE CONTACT:
1811 CENTRE POINT CIR
NAPERVILLE IL 60563

SERVICE: 630-577-0250
CLAIMS: 800-832-5495
OR VISIT: www.libertymutualinsurance.com

POLICY PERIOD: 04/16/03 TO 04/16/04 12:01AM STANDARD TIME AT THE ADDRESS OF THE
NAMED INSURED AS STATED IN THE POLICY.

REASON FOR THIS NOTICE:  YOUR RENEWAL POLICY DECLARATIONS

| PERSONAL AUTOMOBILE COVERAGE, LIMITS, AND PREMIUM | | |
|---|---|---|
| **COVERAGES AND LIMITS UNDER YOUR AUTO POLICY:** | | **COVERAGE IS PROVIDED WHERE A PREMIUM IS SHOWN FOR THE COVERAGE** VEH 1 |

**PART**
| | | |
|---|---|---|
| **A. LIABILITY** | | $  350 |
| BODILY INJURY | $  100,000 EACH PERSON | |
| | $  300,000 EACH ACCIDENT | |
| PROPERTY DAMAGE | $  100,000 EACH ACCIDENT | |
| **B. MEDICAL PAYMENTS** | $  10,000 EACH PERSON | $  37 |
| **C. UNINSURED MOTORISTS** | | $  34 |
| BODILY INJURY | $  100,000 EACH PERSON | |
| | $  300,000 EACH ACCIDENT | |
| UNDERINSURED MOTORISTS | | $  26 |
| BODILY INJURY | $  100,000 EACH PERSON | |
| | $  300,000 EACH ACCIDENT | |
| **D. COVERAGE FOR DAMAGE TO YOUR AUTO** | | |
| COLLISION | | $  132 |
| ACTUAL CASH VALUE LESS DEDUCTIBLE SHOWN: | | |
| VEH 1 $ 500 | | |
| OTHER THAN COLLISION | | $  26 |
| ACTUAL CASH VALUE LESS DEDUCTIBLE SHOWN: | | |
| VEH 1 $ 500 | | |

**OPTIONAL COVERAGE**
| | | |
|---|---|---|
| EMERGENCY ROADSIDE SERVICE $50 EACH DISABLEMENT | $  6 |
| **ANNUAL PREMIUM PER VEHICLE:** | $  611 |
| **TOTAL ANNUAL POLICY PREMIUM:** | $  611.00 |

| VEHICLES COVERED BY YOUR POLICY | | | |
|---|---|---|---|

| VEH | YEAR | MAKE | MODEL | VEHICLE ID NUMBER |
|---|---|---|---|---|
| 1 | 1990 | PLYMOUTH | GR VOY L | 1P4FH54R6LX219206 |

| VEH | USE | TAX TERR | TOWN COUNTY CODE | RATE TERR | IO | WEHIT | PF | FRS | EO | INSP | USN | CLASS CODE | SYM | ANN MILE | RATING BANDS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 01 | 4044 | 000 | 078 | 4 | N00 | 8 | 00 | 1 | 00 | N | 07 | 05 | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

RESTRAINT 5000  TIER  3          USH 00  CSH 77  S/O 414  REP 0000  N/R 3  FY 94  POL.CD 10  MAIL      RQ N1  AMT      0
JACKET 3615 0698                 ISSD 03/12/03

Ex. A

LIBERTY MUTUAL FIRE INSURANCE COMPANY                    PAGE 02
LIBERTYGUARD AUTO POLICY DECLARATIONS
BOSTON, MASSACHUSETTS

YOUR POLICY NUMBER: AO2-243-466330-003 8          THESE DECLARATIONS EFFECTIVE: 04/16/03

(CONTINUED FROM PREVIOUS PAGE)

SAFE DRIVER INSURANCE PLAN:
  NO CHARGES APPLY-SC0

| DRIVER INFORMATION |
|---|

| DRIVER NAME | DOB | STATE | LICENSE NUMBER |
|---|---|---|---|
| RICHARD J MARETTA | 01/27/49 | IL | M63075049027 |

   TO ENSURE PROPER COVERAGE, PLEASE CONTACT US TO ADD DRIVERS NOT LISTED ABOVE.

| OTHER DISCOUNTS INCLUDED IN YOUR RATE |
|---|

PREFERRED AUTO RATING PLAN (PREFERRED DRIVER)

| ENDORSEMENTS ATTACHED TO YOUR POLICY |
|---|

| PP 04 47 06 99 | UNDERINSURED MOTORISTS COVERAGE - ILLINOIS |
| PP 01 74 08 02 | AMENDMENT OF POLICY PROVISIONS - ILLINOIS |
| PP 03 03 04 86 | TOWING AND LABOR COSTS COVERAGE |
| AS1046 12 89 | AUTOMATIC TERMINATION ENDORSEMENT |
| AS2112 10 99 | NEW VEHICLE REPLACEMENT COST COVERAGE |
| PP 13 01 12 99 | COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION  ENDORSEMENT |

| VEH | COLL EDUC | DEF DRVR | DRVR TRNG | EDI PROF GRP | GOOD DRVR | GOOD STU | MATURE DRVR | MULTI CAR | PARP | ACCID PREV | MOTOR ACCID PREV | SALARY DEDUCT | 3YR GOOD DRVR | 5YR GOOD DRVR | LIBERTY PREMIER | SR OPER MOTOR ACCID | DISC 18 | DISC 19 | DISC 20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | YES | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | | | | |

CLIENT#                      ACCOUNT#

Arbitrative Insurance Services, Inc.
6840 S. Cicero Avenue
Bedford Park, IL 60638

Date: 07/16/2004
020145

PAY TO THE ORDER OF: Liberty Mutual As Subrogee for Theresa Mareita LA14-004191818-02

One Thousand Three Hundred Thirty Eight Dollars and 87 Cents

$1,338.87

R599042012

CLAIM #: IL8443592430l
REFERENCE: Full & Final Settlement For Any & All Claims
ADMINISTER: Arbitrative Insurance
(708)233-7891
COVERAGE: Bodily Injury

Ex. B

THIS CHECK MUST BE PRESENTED FOR PAYMENT WITHIN 9 MONTHS FROM DATE OF ISSUANCE

Affirmative Insurance Services, Inc.
8840 S. Cicero Avenue
Bedford Park, IL 60638

Date: 07/13/2004
0239147

R 69904201 2294

PAY TO THE
ORDER OF: Liberty Mutual Fire Insurance Company As Subrogee For Richard J. Marotta

Two Thousand Nine Hundred Seventy Four Dollars and 12 Cents

Harris Bank/Savings and Trust
Chicago, Illinois

CLAIM #: IL924355474301
REFERENCE: Fel & Prop Damages 124-00094105-04-02
ADJUSTER: Annette Hughes
(708)233-7361
COVERAGE: Bodily Injury

**$2974.12**

⑈000029⑈⑈7⑈  ⑆071000288⑆  ⑈64⑈04⑈2⑈4⑈

**$2974.12**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Liberty Mutual Fire Ins.*
*1804 N. Naper Blvd*
*#400*
*Napervill, IL 60563*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
                                    12-16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7001 2510 0000 2083 1091

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here
12/14/05

Sent To  *Liberty Mutual*
Street, Apt. No.
or PO Box No.
City, State, ZIP+4

PS Form 3800, January 2001    See Reverse for Instructions

7001 2510 0000 2083 1091

Ex.C

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

O'Hagan, Smith & Amundsen, L.L.C.
Attorneys at Law
150 North Michigan Avenue • Suite 3300
Chicago, IL 60601

ATTN: STEVEN C. FLOOD

C003

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

12/14/05

Sent To    _Liberty Mutual_

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

7001 2510 0000 2083 1091

PS Form 3800, January 2001                See Reverse for Instructions



O'Hagan, Smith & Amundsen

Attorneys at Law
150 North Michigan Avenue · Suite 3300
Chicago, IL 60601
Ph. 312.894.3200 · Fx. 312.894.3210

*Steven C. Fuoco*
*Direct Dial: (312) 894-3372*
*Email: sfuoco@osalaw.com*

December 14, 2005

**VIA CERTIFIED MAIL**
Liberty Mutual Fire Insurance Company
1804 North Naper Blvd.
Suite 400
Naperville, Illinois 60563

Attention:  Ms. Lucy Brooks

      Re:    Notice of Underinsured Motorist
            Claim and Demand for Arbitration
            Claim No.:  LA414-004191818-03
            <u>Date of Loss:  12/16/03</u>

Dear Ms. Brooks:

      We represent your insured, Richard J. Maretta, an auto policyholder with Liberty Mutual Fire Insurance Company, with Policy Number A02-243-466330-0048. The Policy effective date is 04/16/03 to 04/16/04.  We hereby give notice of your insured's underinsured motorist claim stemming from injuries Mr. Maretta and his wife, Theresa sustained on December 16, 2003. Enclosed for your convenience is a copy of the collision report detailing the nature of collision and parties involved as well as the complaint at law we filed on behalf of your insured.  Your insured's personal injury action remains pending in the Cook County Court system.

      Please also take notice that on behalf of your insured, we demand arbitration of your insured's claim for underinsured's motorist benefits.  However, we would like an opportunity to work with Liberty Mutual to reach an amicable resolution of your insured's claim if possible before resorting to the arbitration process.  We kindly ask that you acknowledge our client's claim in writing and provide the underinsured motorist coverage claim number assigned as well as a list of needed documentation for Liberty Mutual to evaluate the merit of their claims.  We understand that with the underinsured driver's $20,000/$40,000 auto policy limit, there is available $260,000.00 in underinsured motorist coverage available to our clients in the aggregate.

      Please do not hesitate to contact me directly with any questions or concerns you may have.  My direct dial number is (312) 894-3372.



Chicago, IL · Milwaukee, WI · Rockford, IL · St. Charles, IL · Waukegan, IL · Woodstock, IL

Liberty Mutual Fire Insurance Company
Attention: Ms. Lucy Brooks
December 14, 2005
Page 2

Very truly yours,

Steven C. Fuoco

SCF/hb
cc: Theresa and Richard Maretta

# ILLINOIS TRAFFIC CRASH REPORT

SR 1050 450M (REPRINT 10-93) L-491-0736

**Sheet 1 of 1 Sheets**

**INVESTIGATING AGENCY:** OAK PARK

**AGENCY CRASH REPORT NO:** 03 47891

**HIGHWAY or STREET NAME:** ROOSEVELT

**NAME OF INTERSECTION OR ROAD FEATURE:** HARLEM

**COUNTY:** COOK
**TOWNSHIP/CITY:** OAK PARK

**DATE OF CRASH:** 12/16/03
**TIME:** 8:50 AM
**NO MOTOR VEHICLES INVLD:** 2

### Unit 1
**NAME (LAST, FIRST, M.I.):** LEWIS, MARK W
**STREET ADDRESS:** 1241 BALMORAL #25
**CITY:** WESTCHESTER
**STATE:** IL
**ZIP:** 60154
**TELEPHONE:** 773-375-1094
**DRIVER LICENSE NO:** L200-5596-0051
**STATE:** IL
**DATE OF BIRTH:** 02/20/60
**SEX:** M
**MAKE:** CHEVY
**MODEL:** CAVALIER
**YEAR:** '04
**VEHICLE OWNER (LAST, FIRST, M.I.):** LEWIS MARK W
**OWNER ADDRESS:** 1241 BALMORAL #25 WESTCHESTER IL 60154
**INSURANCE CO:** AFFIRMATIVE

### Unit 2
**NAME (LAST, FIRST, M.I.):** MARETTA, RICHARD
**STREET ADDRESS:** 3235 PARK AVE
**CITY:** BROOKFIELD
**STATE:** IL
**ZIP:** 60513
**TELEPHONE:** 708-485-5044
**DRIVER LICENSE NO:** M630-7509-0060
**STATE:** IL
**DATE OF BIRTH:** 01/27/19
**SEX:** M
**MAKE:** PLYMOUTH
**MODEL:** GRAND VOYAGER
**YEAR:** 90
**INSURANCE CO:** LIBERTY MUTUAL

**DOB:** 2/3/11-28-57
**OFFICER ID:** 341 0894

NOT TO SCALE

0400164  DIAGRAM

INDICATE NORTH BY ARROW

HARLEM

ROOSEVELT

**NARRATIVE** (Refer to vehicle by Unit No.):

DRIVER OF UNIT 2, W/B ROOSEVELT, RELATED THAT HE WAS STOPPED IN TRAFFIC WAITING FOR THE GREEN LIGHT AT HARLEM WHEN HE WAS STRUCK BY UNIT 1. UNIT 1 THEN FLED W/B ON HARLEM. DRIVER OF UNIT 2 REFUSED MEDICAL ATTENTION. PASSENGER OF UNIT 2, THERESA MARETTA WAS TRANSPORTED TO LOYOLA HOSPITAL BY OAK PARK AMBULANCE #613 WHO COMPLAINED OF BACK AND NECK PAIN. DRIVER OF UNIT 2 RELATED THAT HE OBSERVED UNIT 1 BEARING ILLINOIS REGISTRATION S625133. R/O RECOVERED A FRONT GRILLE WITH A CHEVY LOGO FROM THE SCENE OF THE ACCIDENT. R/O INVENTORIED THE GRILLE AND SENT

LOCAL USE ONLY

◇: TRAFFIC SIGNAL

U1 Coda

U1 Towed By / To

U2 Coda

U2 Towed by / To

COMMERCIAL VEHICLE — UNIT NO.

CARRIER NAME

ADDRESS

CITY    STATE    ZIP

ID NUMBER    US DOT or State No.    ICC/MC    State Name

HAZARDOUS MATERIALS: 1-Digit ___ or Name

If Yes: 4-Digits

Violation of HAZMAT regs. contribute to crash?    Y   N   Unk
Violation of MCS regs. contribute to crash?    Y   N   Unk
Hazardous cargo released from truck?    Y   N
(do not count fuel from vehicle fuel tank)

Inspection form completed?    Y   N   Unk
• HAZMAT    Out of Service?    Y   N
• MCS    Out of Service?    Y   N

IDOT PERMIT #    PLACARDED?   Yes   No

TRAILER WIDTH(S):    TRAILER LENGTHS:   ft    VEHICLE LENGTH (TOTAL): ft
Trailer 1 ___ 8'6"   8'6"/102"   Over 102"    Trailer 1 ___    Trailer 2 ___    NO. OF AXLES ___
Trailer 2 ___                                    WIDE LOAD

SOURCE
Side of truck
Paper
Log book

INSERT APPLICABLE NUMBERS FROM CHOICES ON BACK OF TEMPLATE ONE
VEHICLE CONFIGURATION ___    CARGO BODY TYPE ___
Form No. ___

☐ IN CITY OF / ☐ NEAREST CITY: ___    Miles  N  E  S  W  of:

COMMERCIAL VEHICLE — UNIT NO.

CARRIER NAME

ADDRESS

CITY    STATE    ZIP

ID NUMBER    US DOT or State No.    ICC/MC    State Name

HAZARDOUS MATERIALS: 1-Digit ___ or Name

If Yes: 4-Digits

Violation of HAZMAT regs. contribute to crash?    Y   N   Unk
Violation of MCS regs. contribute to crash?    Y   N   Unk
Hazardous cargo released from truck?    Y   N
(do not count fuel from vehicle fuel tank)

Inspection form completed?    Y   N   Unk
• HAZMAT    Out of Service?    Y   N
• MCS    Out of Service?    Y   N

IDOT PERMIT #    PLACARDED?   Yes   No

TRAILER WIDTH(S):    TRAILER LENGTHS:   ft    VEHICLE LENGTH (TOTAL): ft
Trailer 1 ___ 8'6"   8'6"/102"   Over 102"    Trailer 1 ___    Trailer 2 ___    NO. OF AXLES ___
Trailer 2 ___                                    WIDE LOAD

SOURCE
Side of truck
Paper
Driver
Log book

INSERT APPLICABLE NUMBERS FROM CHOICES ON BACK OF TEMPLATE TWO
VEHICLE CONFIGURATION ___    CARGO BODY TYPE ___    LOAD TYPE ___
Form No. ___

☐ IN CITY OF / ☐ NEAREST CITY: ___    Miles  N  E  S  W  of:

**OAK PARK POLICE DEPARTMENT**                    **CONTINUATION SHEET**

| CONTINUATION OF A | CRASH | REPORT | PAGE 2 OF 2 | REPORT NUMBER 03-47891 |
| --- | --- | --- | --- | --- |
| | offense/incident/arrest | | | |

USE A NARRATIVE SUMMARY WITH OFFENSE, INCIDENT, ARREST AND INVESTIGATIVE ACTION REPORTS. IF INFORMATION IS AN EXTENSION OF A REPORT, ENTER BLOCK NUMBER AT LEFT

REPORT NUMBER 03-47891

UCR

METHOD CODE 4 1 0

PLACE CODE 1 1 1

CASE STATUS 0 0 2

**BLOCK NUMBER**

16 DEC 03    2052 HRS    ROOSEVELT / HARLEM

A HIT AND RUN LETTER TO THE REGISTERED OWNER.

THE ILLINOIS REGISTRATION 5625133 REGISTERS

ON A CHEVROLET TO A MARK LEWIS OF

1241 BALMORAL #25, WESTCHESTER, IL, 60154.

ON 23 DEC 03, MARK LEWIS CONTACTED

R/O AND TURNED HIMSELF IN.

COURT

(1-14-04) 1:30 PM MAYBROOK

ROOM 110 —

| REPORTING OFFICER A. KASS | STAR NO. 341/0884 | SUPERVISOR | STAR NO. 134/2570 | DATE 23 DEC 03 |
| --- | --- | --- | --- | --- |

DEC 2 3 2003

# OAK PARK POLICE DEPARTMENT

**CONTINUATION SHEET**

| CONTINUATION OF A _____ REPORT | PAGE OF | REPORT NUMBER |
| offense/incident/arrest | | |

USE A NARRATIVE SUMMARY WITH OFFENSE, INCIDENT, ARREST AND INVESTIGATIVE ACTION REPORTS. IF INFORMATION IS AN EXTENSION OF A REPORT, ENTER BLOCK NUMBER AT LEFT.

| REPORT NUMBER | UCR | METHOD CODE | PLACE CODE | CASE STATUS |

| BLOCK NUMBER | |
|---|---|

| REPORTING OFFICER | STAR NO. | SUPERVISOR | STAR NO. | DATE |



**MORDINI &
SCHWARTZ**
*Attorneys At Law*

Tel : (312) 201-9211
Fax : (312) 201-9212

*Mordini & Schwartz Attorneys At Law P C.*

May 24, 2007

**<u>VIA FACSIMILE (847) 681-9596</u>**

Steve Fuoco
1055 Golf Ave.
Highland Park, Illinois 60035

      Re:   Maretta, et. al. v. Lewis
             Court No: 05 L 7102
             Date of Accident: 12/16/03

Dear Counsel:

I've been trying to get in touch with you to discuss settling this lawsuit. The following settlement amounts have been authorized by my client's insurance carrier: $18,661.13 and $7,027.88, which represents settlement offers of $20,000.00 and $10,000.00 minus the medical payments made by Affirmative Insurance Company on your client's behalf.

Very truly yours,

Mark A. Mordini

MAM/as

123 West Madison Street
20th Floor
Chicago, IL 60602-4511

Ex. D

**Steven C. Fuoco**

Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596
sfuoco@sbcglobal.net

May 29, 2007

**Via Facsimile**

John F. Boyle
Meachum & Traufman
10 South LaSalle Street, Suite 2800
Chicago, IL 60603

      Re:    Richard Maretta and Teresa Maretta v. Liberty Mutual
               Underinsured Motorist Claim 12/16/03 Loss Date

Dear Mr. Boyle

      I represent Liberty Mutual insureds, Richard Maretta and Teresa Maretta in the prosecution of their underinsured motorist claims stemming from cervical and lumbar spinal injury to each in a collision occurring December 16, 2003 and caused by Affirmative Insurance Company insured, Mark Lewis.

      *Olympia Fields* settlement demands for my clients yielded a May 24, 2007 policy limits settlement offer to resolve Teresa's claim against Lewis. Please see the attached May 24, 2007 letter from Lewis defense counsel, Mark Mordini making this written settlement offer. The outcome for Richard's underlying claim against Lewis is uncertain.

      Pursuant to 215 ILCS 5/143a-2(6), please take notice of this settlement offer and advise whether Liberty Mutual wishes to preserve its subrogation rights against Affirmative insured, Lewis or will permit my client, Teresa Maretta to accept this offer.

      On December 14, 2005, my clients made written demand served by certified mail to Lucy Brooks of Liberty Mutual demanding arbitration of their underinsured motorist claims. These claims have been held in abeyance by agreement with Sheri Goggan Ward, now formerly of your office until the underlying Cook County Law Division action against Lewis yielded settlement offers. With the May 24, 2007 settlement offer in Teresa's claim, please advise what claim information you need for Liberty to evaluate my client's injuries, medical expenses and wage loss to value my client underinsured motorist claim and to select an arbitration date if necessary.

*Grp. Ex. E*

Very truly yours,

Steven C. Fuoco
Counsel for Plaintiffs

enclosure



**MORDINI &
SCHWARTZ**
*Attorneys At Law*

Tel : (312) 201-9211
Fax : (312) 201-9212

*Mordini & Schwartz Attorneys At Law P.C.*

May 24, 2007

**<u>VIA FACSIMILE (847) 681-9596</u>**

Steve Fuoco
1055 Golf Ave.
Highland Park, Illinois 60035

   Re: Maretta, et. al. v. Lewis
      Court No: 05 L 7102
      Date of Accident: 12/16/03

Dear Counsel:

 I've been trying to get in touch with you to discuss settling this lawsuit. The following settlement amounts have been authorized by my client's insurance carrier: $18,661.13 and $7,027.88, which represents settlement offers of $20,000.00 and $10,000.00 minus the medical payments made by Affirmative Insurance Company on your client's behalf.

 Very truly yours,

Mark A. Mordini

MAM/as

123 West Madison Street
20th Floor
Chicago. IL 60602-4511

**Steven C. Fuoco**
Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596

## FAX TRANSMISSION SHEET

**DATE:**       **5/29/07**

**TO:**         **John F. Boyle  Meachum Traufman**

**FROM:**       **Steve Fuoco**

**FILE NO.**    **Maretta v. Liberty Mutual (UIM)**

**FAX PHONE NUMBER YOU ARE CALLING: 1-603-334-9766**

**NUMBER OF PAGES BEING SENT (INCLUDING COVER SHEET): 4**

**COMMENTS/MULTIPLE SEND:**
Please see Notice of UIM policy limits settlement offer

The information contained in this facsimile communication is attorney privileged and confidential information intended only for the use of the individual entity to whom or to which it is addressed. If the recipient of this transmission is not the intended recipient, the recipient is hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication in error, please notify **Steven C. Fuoco** at the above telephone number and return the communication to **Steven C. Fuoco** at the above address via the U.S. Postal Service. Thank you.

| TRANSMISSION VERIFICATION REPORT |
|---|

```
                                    TIME  : 05/29/2007 14:49
                                    NAME  : STEVEN C FUOCO
                                    FAX   : 18476819596
                                    TEL   : 18474325297
                                    SER.# : K6J292329
```

```
        DATE,TIME              05/29  14:48
        FAX NO./NAME           16033349766
        DURATION               00:01:00
        PAGE(S)                04
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

**Steven C. Fuoco**

Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596

FAX TRANSMISSION SHEET

**DATE:**       **5/29/07**

**TO:**         **John F. Boyle  Meachum Traufman**

**FROM:**       **Steve Fuoco**

**FILE NO.**    **Maretta v. Liberty Mutual (UIM)**

**FAX PHONE NUMBER YOU ARE CALLING: 1-603-334-9766**

**NUMBER OF PAGES BEING SENT (INCLUDING COVER SHEET): 4**

**COMMENTS/MULTIPLE SEND:**

Please see Notice of UIM policy limits settlement offer

The information contained in this facsimile communication is attorney privileged and
confidential information intended only for the use of the individual entity to whom or to which
it is addressed. If the recipient of this transmission is not the intended recipient, the recipient
is hereby notified that any dissemination, distribution, or reproduction of this communication

**Steven C. Fuoco**
Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596
sfuoco@sbcglobal.net

## FAX TRANSMISSION SHEET

**DATE:**      **6/14/07**

**TO:**        **John Boyle**

**FROM:**      **Steve Fuoco**

**FILE NO.**   **Maretta v. Lewis**

**FAX PHONE NUMBER YOU ARE CALLING: 1-603-334-9766**

**NUMBER OF PAGES BEING SENT (INCLUDING COVER SHEET): 6**

**COMMENTS/MULTIPLE SEND:**

Please see prior May 29th fax letter

The information contained in this facsimile communication is attorney privileged and confidential information intended only for the use of the individual entity to whom or to which it is addressed. If the recipient of this transmission is not the intended recipient, the recipient is hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication in error, please notify **Steven C. Fuoco** at the above telephone number and return the communication to **Steven C. Fuoco** at the above address via the U.S. Postal Service. Thank you.

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 06/14/2007 09:42
                                    NAME  : STEVEN C FUOCO
                                    FAX   : 18476819596
                                    TEL   : 18474325297
                                    SER.# : K6J292329
```

```
        DATE,TIME                   06/14  09:41
        FAX NO./NAME                16033349766
        DURATION                    00:01:27
        PAGE(S)                     06
        RESULT                      OK
        MODE                        STANDARD
                                    ECM
```

**Steven C. Fuoco**

Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596
sfuoco@sbcglobal.net

FAX TRANSMISSION SHEET

**DATE:**      6/14/07

**TO:**        John Boyle

**FROM:**      Steve Fuoco

**FILE NO.**   Maretta v. Lewis

**FAX PHONE NUMBER YOU ARE CALLING: 1-603-334-9766**

**NUMBER OF PAGES BEING SENT (INCLUDING COVER SHEET): 6**

**COMMENTS/MULTIPLE SEND:**

Please see prior May 29th fax letter

The information contained in this facsimile communication is attorney privileged and
confidential information intended only for the use of the individual entity to whom or to which
it is addressed. If the recipient of this transmission is not the intended recipient, the recipient

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | Boyle, John 03450 [John.Boyle@LibertyMutual.com] |
| **Sent:** | Thursday, July 05, 2007 3:18 PM |
| **To:** | sfuoco@sbcglobal.net |
| **Cc:** | McCaskill, Margaret |
| **Subject:** | Maretta v. Liberty Mutual |

Dear Mr. Fuoco:

This will confirm that Margaret McCaskill of Liberty Mutual authorizes you to accept the $20,000.00 settlement offer made by Affirmative Insurance to Theresa Maretta in the underlying pending lawsuit against Mark Lewis. Liberty Mutual waives its subrogation rights in this regard.

John F. Boyle
Regional Counsel
Liberty Mutual Special Investigation Units
(312)726-6317, x356
8-618-2356 (SDN)
Fax: (603)334-7095
John.Boyle@LibertyMutual.com

This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at (312) 726-6317 and permanently delete the original and any copy of any e-mail and any printout thereof.

Ex. F

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | McCaskill, Margaret [Margaret.McCaskill@LibertyMutual.com] |
| **Sent:** | Thursday, July 26, 2007 12:03 PM |
| **To:** | Steven C. Fuoco |
| **Subject:** | RE: Maretta v. Liberty Mutual |

Just need the bills and records, John and would like your assessment of liability and probable outcome if case goes to trial. Thanks. Margaret

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Wednesday, July 25, 2007 3:30 PM
**To:** Boyle, John 03450
**Cc:** McCaskill, Margaret
**Subject:** RE: Maretta v. Liberty Mutual

John:

Teresa's underlying circuit court claim against the underinsured motorist has now been dismissed pursuant to settlement. Please tell me what Margaret and you need to get my client's UIM claim under evaluation and down the path to resolution. I can send the treatment records, bills and to the depositions I ordered to whatever copy service you prefer.

Steve Fuoco

**From:** Boyle, John 03450 [mailto:John.Boyle@LibertyMutual.com]
**Sent:** Thursday, July 05, 2007 3:18 PM
**To:** sfuoco@sbcglobal.net
**Cc:** McCaskill, Margaret
**Subject:** Maretta v. Liberty Mutual

Dear Mr. Fuoco:

This will confirm that Margaret McCaskill of Liberty Mutual authorizes you to accept the $20,000.00 settlement offer made by Affirmative Insurance to Theresa Maretta in the underlying pending lawsuit against Mark Lewis. Liberty Mutual waives its subrogation rights in this regard.

John F. Boyle
Regional Counsel
Liberty Mutual Special Investigation Units
(312)726-6317, x356
8-618-2356 (SDN)
Fax: (603)334-7095
John.Boyle@LibertyMutual.com

This e-mail, and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at (312) 726-6317 and permanently delete the original and any copy of any e-mail and any printout thereof.

1

Ex. G

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | Boyle, John 03450 [John.Boyle@LibertyMutual.com] |
| **Sent:** | Friday, August 03, 2007 4:15 PM |
| **To:** | Steven C. Fuoco |
| **Subject:** | RE: Maretta v. Liberty Mutual |

Steve - I will inquire of Margarine McCaskill on this and get back to you.


John F. Boyle
Regional Counsel
Liberty Mutual Special Investigation Units
(312) 726-6317 ext. 356
SDN 86182356


---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Friday, August 03, 2007 9:09 AM
**To:** Boyle, John 03450; McCaskill, Margaret
**Subject:** Maretta v. Liberty Mutual

Good morning,

I write to confirm that the medical pay lien that Liberty had relative to each of my clients, Teresa Maretta and Richard Maretta have already been satisfied. I picked up Teresa's Affirmative Insurance settlement draft yesterday and Liberty is listed as a payee. However, I have record of payment made by Affirmative to Liberty of $1,338.87 on July 15, 2004 to settle Teresa Maretta's med pay lien. I also have record of payment made by Affirmative to Liberty of $2,974.12 on July 15, 2004 to settle Richard Maretta's med pay lien. I attach the front and back of both Affirmative payment checks to confirm these payments.

Please tell me where and by whom I can have Liberty endorse the Affirmative settlement draft.

Thank you,

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone:  847/432-LAWS (5297)
Fax:      847/681-9596
Cell:      847/409-1788
E-mail:  sfuoco@sbcglobal.net

1

Ex. H

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | Steven C. Fuoco [sfuoco@sbcglobal.net] |
| **Sent:** | Thursday, August 09, 2007 8:09 AM |
| **To:** | 'Natale, Laurie' |
| **Subject:** | RE: Maretta v. Liberty Mutual |
| **Attachments:** | R  Maretta Med Pay Check (2).pdf |

Here it is in pdf format.

Steve Fuoco

**From:** Natale, Laurie [mailto:Laurie.Natale@LibertyMutual.com]
**Sent:** Thursday, August 09, 2007 7:40 AM
**To:** sfuoco@sbcglobal.net
**Subject:** FW: Maretta v. Liberty Mutual

Mr.. Fuoco,

I cannot open R. Maretta Med Pay Check.  Can you send it in the same format as T. Maretta Med Pay Check? Thanks.

Laurie Natale

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Friday, August 03, 2007 9:09 AM
**To:** Boyle, John 03450; McCaskill, Margaret
**Subject:** Maretta v. Liberty Mutual

Good morning,

I write to confirm that the medical pay lien that Liberty had relative to each of my clients, Teresa Maretta and Richard Maretta have already been satisfied. I picked up Teresa's Affirmative Insurance settlement draft yesterday and Liberty is listed as a payee. However, I have record of payment made by Affirmative to Liberty of $1,338.87 on July 15, 2004 to settle Teresa Maretta's med pay lien. I also have record of payment made by Affirmative to Liberty of $2,974.12 on July 15, 2004 to settle Richard Maretta's med pay lien. I attach the front and back of both Affirmative payment checks to confirm these payments.

Please tell me where and by whom I can have Liberty endorse the Affirmative settlement draft.

Thank you,

Steven  C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone:  847/432-LAWS (5297)
Fax:      847/681-9596
Cell:      847/409-1788
E-mail:  sfuoco@sbcglobal.net

Ex. I



MORDINI &
SCHWARTZ
*Attorneys At Law*

Tel : (312) 201-9211
Fax : (312) 201-9212

*Mordini & Schwartz Attorneys At Law P.C.*

August 27, 2007

Steve Fuoco
1055 Golf Ave.
Highland Park, IL  60035

**VIA HAND DELIVERY**

        Re:    Maretta, et. al. v. Lewis
               Court No: 05 L 7102
               Date of Accident: 12/16/03

Dear Counsel:

The following settlement amount has been authorized by my client's insurance
carrier: $17,025.88, which represents a settlement offer of $20,000.00 minus the
medical payments made by Affirmative Insurance Company on your client's
behalf.

Very truly yours,

Jeremy N. Boeder

JNB

123 West Madison Street
20th Floor
Chicago, IL 60602-4511

Ex. J

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | McCaskill, Margaret [Margaret.McCaskill@LibertyMutual.com] |
| **Sent:** | Tuesday, August 28, 2007 10:44 AM |
| **To:** | Steven C. Fuoco |
| **Subject:** | RE: Maretta v. Lewis Policy Limit Settlement Offer |

Found it, Steve. Give me a few minutes to see if they want to run an assets check on this one. Thanks.

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 10:34 AM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Margaret:

There is no text below. May I accept the Affirmative settlement?

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Tuesday, August 28, 2007 10:36 AM
**To:** Steven C. Fuoco
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 9:25 AM
**To:** Boyle, John 03450
**Cc:** McCaskill, Margaret
**Subject:** Maretta v. Lewis Policy Limit Settlement Offer

John and Margaret:

My client, Richard Maretta received a written policy limits settlement offer yesterday after trial court assignment in Cook County. I attach the written settlement offer my defense counsel. Judge Simmons has suspended the trial and is waiting for Liberty to either permit me to accept this offer from the Lewis case defendant and Affirmative Insurance Co., waiving subrogation rights or pay the settlement to us directly.

On July 5, 2007, John send me an e-mail allowing acceptance of the Affirmative policy limit settlement offer made to Teresa Maretta and waiver of Liberty's subrogation rights. I ask for the same authority today relative to Richard Maretta. I do need it quickly because the trial court is waiting.

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone: 847/432-LAWS (5297)
Fax:     847/681-9596

1

Ex. K

Cell:      847/409-1788
E-mail:  sfuoco@sbcglobal.net

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | McCaskill, Margaret [Margaret.McCaskill@LibertyMutual.com] |
| **Sent:** | Tuesday, August 28, 2007 10:50 AM |
| **To:** | Steven C. Fuoco |
| **Cc:** | Chic, Robert |
| **Subject:** | RE: Maretta v. Lewis Policy Limit Settlement Offer |

Hi Steve---

Per manager, we will waive UM/UIM subro so you can accept Affirmative's policy limits. We reserve our right to collect our medpay subro.

Margaret

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 10:34 AM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Margaret:

There is no text below. May I accept the Affirmative settlement?

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Tuesday, August 28, 2007 10:36 AM
**To:** Steven C. Fuoco
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 9:25 AM
**To:** Boyle, John 03450
**Cc:** McCaskill, Margaret
**Subject:** Maretta v. Lewis Policy Limit Settlement Offer

John and Margaret:

My client, Richard Maretta received a written policy limits settlement offer yesterday after trial court assignment in Cook County. I attach the written settlement offer my defense counsel. Judge Simmons has suspended the trial and is waiting for Liberty to either permit me to accept this offer from the Lewis case defendant and Affirmative Insurance Co., waiving subrogation rights or pay the settlement to us directly.

On July 5, 2007, John send me an e-mail allowing acceptance of the Affirmative policy limit settlement offer made to Teresa Maretta and waiver of Liberty's subrogation rights. I ask for the same authority today relative to Richard Maretta. I do need it quickly because the trial court is waiting.

1

Ex. L

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone: 847/432-LAWS (5297)
Fax:     847/681-9596
Cell:     847/409-1788
E-mail:  sfuoco@sbcglobal.net

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | McCaskill, Margaret [Margaret.McCaskill@LibertyMutual.com] |
| **Sent:** | Tuesday, August 28, 2007 10:57 AM |
| **To:** | Steven C. Fuoco |
| **Subject:** | RE: Maretta v. Lewis Policy Limit Settlement Offer |

found it. thx.

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 10:47 AM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Please try claim #: LA414-004191818-03. John or his paralegal, Scott should have the correct number assigned after I made the UIM claim notice and arbitration demand on 12/14/05.

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Tuesday, August 28, 2007 10:41 AM
**To:** Steven C. Fuoco
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Hi Steve---

I'm looking into this right now...can you give me the claim number. I'm showing our claim as closed. Thanks.

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 10:34 AM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Margaret:

There is no text below. May I accept the Affirmative settlement?

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Tuesday, August 28, 2007 10:36 AM
**To:** Steven C. Fuoco
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 9:25 AM
**To:** Boyle, John 03450

1

**Cc:** McCaskill, Margaret
**Subject:** Maretta v. Lewis Policy Limit Settlement Offer

John and Margaret:

My client, Richard Maretta received a written policy limits settlement offer yesterday after trial court assignment in Cook County. I attach the written settlement offer my defense counsel. Judge Simmons has suspended the trial and is waiting for Liberty to either permit me to accept this offer from the Lewis case defendant and Affirmative Insurance Co., waiving subrogation rights or pay the settlement to us directly.

On July 5' 2007, John send me an e-mail allowing acceptance of the Affirmative policy limit settlement offer made to Teresa Maretta and waiver of Liberty's subrogation rights. I ask for the same authority today relative to Richard Maretta. I do need it quickly because the trial court is waiting.

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone:  847/432-LAWS (5297)
Fax:     847/681-9596
Cell:     847/409-1788
E-mail:  sfuoco@sbcglobal.net

2

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | McCaskill, Margaret [Margaret.McCaskill@LibertyMutual.com] |
| **Sent:** | Tuesday, August 28, 2007 6:11 PM |
| **To:** | Steven C. Fuoco |
| **Subject:** | RE: Maretta v. Lewis Policy Limit Settlement Offer |

That's good news, if true. I see only where we have paid out the medpay. I will pull the financial screens tomorrow to confirm Affirmative reimbursed us and will let you know.

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 10:55 AM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Thank you for the go ahead. The Richard's Med Pay subro of $2,974.12 has already been satisfied by Affirmative 7/15/04. Please see the attached Affirmative check payable to Liberty. The check reverse side shows negotiation by Liberty on 7/21/04. Please confirm this Med Pay claim satisfaction.

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Tuesday, August 28, 2007 10:50 AM
**To:** Steven C. Fuoco
**Cc:** Chic, Robert
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Hi Steve---

Per manager, we will waive UM/UIM subro so you can accept Affirmative's policy limits. We reserve our right to collect our medpay subro.

Margaret

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 10:34 AM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Margaret:

There is no text below. May I accept the Affirmative settlement?

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Tuesday, August 28, 2007 10:36 AM
**To:** Steven C. Fuoco
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

1

Ex. M

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 9:25 AM
**To:** Boyle, John 03450
**Cc:** McCaskill, Margaret
**Subject:** Maretta v. Lewis Policy Limit Settlement Offer

John and Margaret:

My client, Richard Maretta received a written policy limits settlement offer yesterday after trial court assignment in Cook County. I attach the written settlement offer my defense counsel. Judge Simmons has suspended the trial and is waiting for Liberty to either permit me to accept this offer from the Lewis case defendant and Affirmative Insurance Co., waiving subrogation rights or pay the settlement to us directly.

On July 5' 2007, John send me an e-mail allowing acceptance of the Affirmative policy limit settlement offer made to Teresa Maretta and waiver of Liberty's subrogation rights. I ask for the same authority today relative to Richard Maretta. I do need it quickly because the trial court is waiting.

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone: 847/432-LAWS (5297)
Fax:      847/681-9596
Cell:      847/409-1788
E-mail:  sfuoco@sbcglobal.net

2

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | McCaskill, Margaret [Margaret.McCaskill@LibertyMutual.com] |
| **Sent:** | Wednesday, August 29, 2007 9:35 AM |
| **To:** | Steven C. Fuoco |
| **Cc:** | Boyle, John 03450 |
| **Subject:** | RE: Maretta v. Lewis Policy Limit Settlement Offer |

I need to review all the medical records, bills, hospital and operative reports, any prior pre-existing problems related to accident injuries, employment and wage loss information and wage loss verification information.  I need this to evaluate the value of the claim.  John will need the information too for the purpose of providing counsel to us. So better make two copies, or provide one to John and he can copy for us.

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 6:18 PM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Thank you for looking into this now. With both underlying court cases now resolved, I plan to disclose my clients' arbitrator soon to move the UIM claims along to resolution. We were trial ready for both so I have a wealth of information to provide you for evaluation.

What would you like a copy of, where should I send these to be copied, and to whom (you directly or John) should these be sent?

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Tuesday, August 28, 2007 6:11 PM
**To:** Steven C. Fuoco
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

That's good news, if true. I see only where we have paid out the medpay. I will pull the financial screens tomorrow to confirm Affirmative reimbursed us and will let you know.

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 10:55 AM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Thank you for the go ahead. The Richard's Med Pay subro of $2,974.12 has already been satisfied by Affirmative 7/15/04. Please see the attached Affirmative check payable to Liberty. The check reverse side shows negotiation by Liberty on 7/21/04. Please confirm this Med Pay claim satisfaction.

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Tuesday, August 28, 2007 10:50 AM
**To:** Steven C. Fuoco
**Cc:** Chic, Robert
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Ex. N

Hi Steve---

Per manager, we will waive UM/UIM subro so you can accept Affirmative's policy limits. We reserve our right to collect our medpay subro.

Margaret

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 10:34 AM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

Margaret:

There is no text below. May I accept the Affirmative settlement?

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Tuesday, August 28, 2007 10:36 AM
**To:** Steven C. Fuoco
**Subject:** RE: Maretta v. Lewis Policy Limit Settlement Offer

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Tuesday, August 28, 2007 9:25 AM
**To:** Boyle, John 03450
**Cc:** McCaskill, Margaret
**Subject:** Maretta v. Lewis Policy Limit Settlement Offer

John and Margaret:

My client, Richard Maretta received a written policy limits settlement offer yesterday after trial court assignment in Cook County. I attach the written settlement offer my defense counsel. Judge Simmons has suspended the trial and is waiting for Liberty to either permit me to accept this offer from the Lewis case defendant and Affirmative Insurance Co., waiving subrogation rights or pay the settlement to us directly.

On July 5, 2007, John send me an e-mail allowing acceptance of the Affirmative policy limit settlement offer made to Teresa Maretta and waiver of Liberty's subrogation rights. I ask for the same authority today relative to Richard Maretta. I do need it quickly because the trial court is waiting.

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone: 847/432-LAWS (5297)
Fax:     847/681-9596
Cell:    847/409-1788

2

E-mail:  sfuoco@sbcglobal.net

**Steven C. Fuoco**

Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596
sfuoco@sbcglobal.net

September 28, 2007

**Via Hand Delivery**

John F. Boyle
Meachum & Traufman
10 South LaSalle Street, Suite 2800
Chicago, IL 60603

Re:    Richard Maretta and Teresa Maretta v. Liberty Mutual
Underinsured Motorist Claim 12/16/03 Loss Date

Dear Mr. Boyle

I represent Liberty Mutual insureds, Richard Maretta and Teresa Maretta in the prosecution of their underinsured motorist claims stemming from cervical and lumbar spinal injury to each in a collision occurring December 16, 2003 and caused by Affirmative Insurance Company insured, Mark Lewis.

To aid you in the evaluation of Richard's UIM claim, I enclose the following information developed in the underlying, 2005 L 7102 Cook County law Division action:

1. Oak Park Police Crash Report;

2. Traffic Complaints (2) issued to Defendant, Mark Lewis;

3. Cook County Court Clerk Certified Statements of Disposition (2);

4. Medical Treatment Expenses Totaling $11,405.48;

5. Discovery Deposition of Richard Maretta;

6. Discovery Deposition of Defendant, Mark Lewis;

7. Evidence Deposition of Vincenzo Bartolomeo, M.D.; and

8. Evidence Deposition of Anthony DiGianfilipo, M.D.

1

Ex. O

In summary and reflected by the discovery materials and evidence provided from the underlying action, a car driven by defendant, Mark Lewis collided with the rear of the Maretta's mini-van on December 16, 2003 shortly after 8:30 p.m. The Maretta's van had stopped at a red traffic light on Roosevelt Road, east of the intersection with Harlem Avenue when this collision happened. Lewis admitted in his discovery deposition that he "could have been" adjusting his radio and did not observe the stationary Maretta van until just before his car hit the rear of the van. A repair estimate of the van damage totaled $1,051.40. Lewis' testimony, combined with his guilty plea to leaving the accident scene in traffic court certainly established his legal responsibility for the Maretta's injuries and damages.

Richard sought emergency room treatment right after the collision at Loyola University Medical Center. His principal complaints had been neck pain and headache. He followed up with his family physician, Dr. Bartolomeo in LaGrange for continuing neck and shoulder pain with headache. By mid March, Richard's complaint of a burning sensation from his neck into the left shoulder resulted in an MRI c-spine study. The March 24, 2004 cervical MRI revealed a stenotic, C3-4 disc herniation, with disc material extending below the disc interspace, causing both dural and ventral spinal cord flattening. This MRI also revealed a C4-5 disc bulge. Dr. Bartolomeo prescribed physical therapy, which Richard received and completed.

The disc herniation finding caused Richard's referral by Dr. Bartolomeo to Dr. DiGianfilipo, a Hinsdale neurosurgeon, beginning April 20, 2004. By May 16, 2006, Richard developed left hand numbness, tingling and a degree of weakness, in addition to chronic neck pain and left shoulder burning. Dr. DiGianfilipo testified in his evidence deposition that if Richard's neck, shoulder and left arm symptoms continue, a C3-4 anterior discectomy and fusion surgery will be required. Richard's case remains open following Richard's last visit on December 8, 2006. Dr. DiGianfilipo estimated future surgical cost at $20,000.

Given Lewis' negligent driving did cause Richard serious bodily injury and only $20,000.00 of liability coverage had been available from Lewis for the December 16, 2003 collision, Richard Maretta is legally entitled to receive underinsured motorist benefits from his Liberty Mutual 2003 auto policy. Because of the non-existence of any contributory fault, the nature of Richard's cervical spinal injuries that continue unabated to present day, along with the medical expenses current total and estimated future surgical cost, Richard Maretta demands the entire $100,000.00 underinsured motorist coverage limit. Additionally, Richard Maretta also demands the payment of the $5,000 medical payments coverage limit.

Should arbitration ultimately be necessary to resolve Richard's claims, Richard names Jeffrey D. Corso, 5087 Prairie Sage Road, Naperville, IL 60564 to serve as his chosen arbitration panelist. Please contact me with any question or concern. I await Liberty Mutual's response.

Very truly yours,

Steven C. Fuoco
Counsel for Maretta

Enclosures

2

FILED: AUG 15, 2008
08CV4643
JUDGE NORGLE
MAGISTRATE JUDGE NOLAN
JFB

**Steven C. Fuoco**

Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596
sfuoco@sbcglobal.net

October 1, 2007

**Via Hand Delivery**

John F. Boyle
Meachum & Traufman
10 South LaSalle Street, Suite 2800
Chicago, IL 60603

> Re:　Richard Maretta and Teresa Maretta v. Liberty Mutual
> 　　　Underinsured Motorist Claim 12/16/03 Loss Date

Dear Mr. Boyle

　　　I represent Liberty Mutual insureds, Richard Maretta and Teresa Maretta in the prosecution of their underinsured motorist claims stemming from cervical and lumbar spinal injury to each in a collision occurring December 16, 2003 and caused by Affirmative Insurance Company insured, Mark Lewis.

　　　To aid you in the evaluation of Teresa's UIM claim, I enclose the following information developed in the underlying, 2005 L 7102 Cook County law Division action:

1.　　Medical Treatment Expenses Totaling $57,628.20;

2.　　Interrogatory Answers of Teresa Maretta;

3.　　Vincenzo Bartolomeo, M.D. medical chart;

4.　　Anthony DiGianfilipo, M.D. medical chart;

5.　　Maria Estilo, M.D. medical chart;

6.　　Bruce Hallman, M.D. medical chart;

7.　　Radiologic Imaging Reports; and

8.　　La Grange Memorial Hospital Anesthesia Pain Clinic Chart.

1

Ex.P

In summary and reflected by the discovery materials and evidence provided from the underlying action, a car driven by defendant, Mark Lewis collided with the rear of the Maretta's mini-van on December 16, 2003 shortly after 8:30 p.m. The Maretta's van had stopped at a red traffic light on Roosevelt Road. east of the intersection with Harlem Avenue when this collision happened. Lewis admitted in his discovery deposition that he "could have been" adjusting his radio and did not observe the stationary Maretta van until just before his car hit the rear of the van. A repair estimate of the van damage totaled $1,051.40. Lewis' testimony, combined with his guilty plea to leaving the accident scene in traffic court certainly established his legal responsibility for the Maretta's injuries and damages.

Teresa was taken by ambulance from the collision scene to the emergency room for treatment at Loyola University Medical Center. Her principal complaints had been neck pain, lower back and right hip pain, blurred vision and headache. She followed up with his family physician. Dr. Bartolomeo in LaGrange for continuing neck pain, lower back pain with radiation into her right leg and foot. Dr. Bartolomeo referred Teresa to Dr. Anthony DiGianfilipo, a Hinsdale neurosurgeon. Dr. DiGianfilipo ordered an MRI l-spine study. The January 30, 2004 lumbar MRI revealed L2-3 and L4-5 disc abnormalities, with bulging disc material causing thecal sac effacement. Dr. Bartolomeo prescribed physical therapy, which Teresa received and completed. Teresa lost $23,425.99 in wages due to her collision injuries and physician work release, from 12/17/03 to 7/14/04 and at various times during 2005 and 2006.

Dr. DiGianfilipo referred Teresa to Maria Estilo, M.D. for pain control therapy beginning in 2004 and continuing into early 2007. Because of continuing neck, lower back and right hip pain, Dr. DiGianfilipo ordered a number of cervical, pelvis and right hip radiological studies at LaGrange Memorial Hospital in 2004 and 2005. Dr. DiGianfilipo referred Teresa to Bruce Hallman, M.D., a LaGrange orthopaedic surgeon, who diagnosed a displaced right sacral fracture. Teresa also saw Michael Henja, M.D., a Riverside orthopaedic surgeon on referral after a May 2005 on the job injury for continuing right hip and right side lower back pain.

Given Lewis' negligent driving did cause Teresa serious bodily injury and only $20,000.00 of liability coverage had been available from Lewis for the December 16, 2003 collision, Teresa Maretta is legally entitled to receive underinsured motorist benefits from her Liberty Mutual 2003 auto policy. Because of the non-existence of any contributory fault, the nature of Teresa's cervical, lumbar and sacral spinal injuries that continue to present day, along with the medical expenses current total, Teresa Maretta demands the entire $100,000.00 underinsured motorist coverage limit. Additionally, Teresa Maretta also demands the payment of the $5,000 medical payments coverage limit.

Should arbitration ultimately be necessary to resolve Teresa's claims, Teresa names Jeffrey D. Corso, 5087 Prairie Sage Road, Naperville, IL 60564 to serve as her chosen arbitration panelist. Please contact me with any question or concern. I await Liberty Mutual's response.

Very truly yours,

Steven C. Fuoco

2

**Steven C. Fuoco**
Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596
sfuoco@sbcglobal.net

October 12, 2007

**Via Hand Delivery**

John F. Boyle
Meachum & Traufman
10 South LaSalle Street, Suite 2800
Chicago, IL 60603

Re:    Richard Maretta and Teresa Maretta v. Liberty Mutual
       Underinsured Motorist Claim 12/16/03 Loss Date

Dear Mr. Boyle

     Please find enclosed the office chart for Richard Maretta from West Suburban Neurosurgical Associates/Dr. DiGianfilipo in Hinsdale and the 3/24/04 Westbrook Open MRI report describing the C3-4 disc herniation present in Richard Maretta's neck. You asked for these supplemental records in an October 2nd e-mail. Please note that the poor copy quality of the Westbrook Open MRI is exactly how I received this report.

Very truly yours,

Steven C. Fuoco
Counsel for Maretta

Enclosures

Ex. Q

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | Steven C. Fuoco [sfuoco@sbcglobal.net] |
| **Sent:** | Tuesday, October 02, 2007 11:55 AM |
| **To:** | 'Boyle, John 03450' |
| **Subject:** | RE: Maretta v. Liberty Mutual (UIM) |

John:

I'll drop off the DiGianfilipo office chart for Richard tomorrow. Affirmative defense counsel subpoenaed very few records in both my client's cases. I don't have Loyola or Bartolomeo for Richard.

You probably have gotten Teresa's claim packet I dropped off just after 10:00 am by now.

Steve Fuoco

**From:** Boyle, John 03450 [mailto:John.Boyle@LibertyMutual.com]
**Sent:** Tuesday, October 02, 2007 9:13 AM
**To:** Steven C. Fuoco
**Subject:** RE: Maretta v. Liberty Mutual (UIM)

Yes, please forward the neurosurgeon's office notes. What about the Loyola records and the family doctor's records (Dr. Bartolomeo)? And the cervical MRI whose results you quote - I think my client will want to see all of this. Please tell me if you have the Loyola, Bartolomeo and MRI records. If not my client may want to get them.

John F. Boyle
Regional SIU Counsel
Meachum & Trafman
(312) 726-6317, x356
8-618-2356 (SDN)
Fax: (603) 334-7095
John.Boyle@LibertyMutual.com

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Monday, October 01, 2007 5:59 PM
**To:** Boyle, John 03450
**Subject:** Maretta v. Liberty Mutual (UIM)

John:

Sorry about the office phone message cut off. It's not often but others have mentioned this to me as well. So much for the fancy AT&T system. I did get and listen to your cell message to me.

I did not copy a set for Margaret of Richard's initial submission. I had gotten an e-mail from her several weeks ago asking me to forward my client submissions to you directly.

Concerning Richard Maretta, few records were obtained by Affirmative defense counsel via records subpoena. I provided the medical trial evidence for you of the only two doctors involved in Richard's care. Each doctor gives the treatment dates and details in the transcripts. I order a set of the neurosurgeon, Dr. DiGianfilipo's office

1

notes in case discovery. I can forward these to you if you want these in addition to his evidence deposition transcript already provided.

Concerning Teresa Maretta, I am still working on putting her submission together. The medical bills are voluminous. Her claim submission will be the opposite of Richard's. Affirmative ordered more medical records for Teresa and paid her claim for policy limits without the case being trial ready. So no medical trial evidence transcripts. I will drop Teresa's submission off to you tomorrow.


Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone:  847/432-LAWS (5297)
Fax:      847/681-9596
Cell:      847/409-1788
E-mail:  sfuoco@sbcglobal.net

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | Steven C. Fuoco [sfuoco@sbcglobal.net] |
| **Sent:** | Wednesday, October 24, 2007 3:31 PM |
| **To:** | 'McCaskill, Margaret'; 'Boyle, John 03450' |
| **Cc:** | 'richard maretta' |
| **Subject:** | Maretta v. Liberty UIM Claims |
| **Attachments:** | Liberty Dec Page.pdf |

Margaret and John:

I write to ask you for a reasonable time frame for Liberty to conclude the evaluation of both my clients' (Richard Maretta and Teresa Maretta) UIM claims. A time frame seems important to set so that my clients' claims continue to move forward to resolution and the parties can begin to prepare for arbitration if necessary. My clients have already named their arbitration panelist.

Also, after reviewing my clients' auto declaration page for the 2003-2004 policy covering the Lewis UIM 12/16/03 rear end collision at issue, I learned that my clients actually had $10,000 each in medical payments coverage rather than $5,000 initially believed. Please let this e-mail amend each of my clients' claim demands upward to include the $10,000 medical payments coverage benefit in addition to the $100,000 underinsured motorist coverage benefit for each.

Please see the attached copy of my clients' Liberty auto coverage declaration page for the 4/16/03 to 4/16/04 policy period.

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone: 847/432-LAWS (5297)
Fax:      847/681-9596
Cell:      847/409-1788
E-mail:  sfuoco@sbcglobal.net

1

Ex. R

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | Steven C. Fuoco [sfuoco@sbcglobal.net] |
| **Sent:** | Friday, November 02, 2007 12:12 PM |
| **To:** | 'McCaskill, Margaret' |
| **Subject:** | RE: Maretta Claim |

Margaret:

Thank you for the update. I will need to see proof by medical bills submitted to Liberty and the Liberty payment checks issued showing the true extent Liberty actually made med pay coverage benefits payment for each client that has not already been reimbursed. Are you picking up a computer record of medical expense amounts billed to Liberty but that Liberty ultimately rejected and did not pay. I suspect this to be the case because Teresa's health plan through Blue Cross Blue Shield paid both my clients' medical bills. I have all the BCBS benefits explanation letters showing each payment made. Both clients have also settled with the Plan after federal court litigation filed in August about reimbursement owed. I have Plan spreadsheets showing each provider bill and the actual amount paid by BCBS.

I only know of Liberty's payment of Teresa's expenses totaling $1,338.87 and for Richard totaling $2,974.88 for which Liberty has already been reimbursed by Affirmative. In fact, the settlements with Affirmative deducted the 2004 pre-suit med pay lien satisfaction with Liberty. Teresa got only $18,661.13 and Richard got only $17,025.88 from Affirmative. I have a copy of both Affirmative checks written to Liberty that Liberty cashed in the amounts listed in the first sentence of this paragraph.

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Friday, November 02, 2007 11:27 AM
**To:** sfuoco@sbcglobal.net
**Subject:** RE: Maretta Claim

Hi Steve---

Checked the files on these.

With regard to the medical payments coverage, we have paid $8,662 on Therese's claim of her $10,000 and $3,304.58 on Richard's claim of his medical payments coverage. If we have bills supporting over $10,000 related to these claims I can go out and pay the remaining coverage to you on the medical payments files. There would be a set off for this coverage to the extent the claims do not exceed our policy limits. I am performing my evaluations and will let you know as soon as I am in a position to make you offers. Therese's is a little involved as she had a pre-existing degenerative lumbar condition and subsequent accidents/falls. Do you have any doctor's reports relating her current condition/treatment to the car accident or is it all based on her claim she was asymptomatic before the accident. Thanks. Margaret

**From:** McCaskill, Margaret
**Sent:** Tuesday, September 18, 2007 12:39 PM
**To:** 'sfuoco@sbcglobal.net'
**Subject:** Maretta Claim

Hi Steve---

Sould you let me know what medical records and bills have been forwarded to John Boyle so I can determine whether we are missing anything. I will need these so we can evalaute the UIM claims and make appropriate offers. Thanks.

1

Ex.5

Margaret McCaskill
Liberty Mututal

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | McCaskill, Margaret [Margaret.McCaskill@LibertyMutual.com] |
| **Sent:** | Thursday, October 25, 2007 4:27 PM |
| **To:** | Steven C. Fuoco |
| **Subject:** | RE: Maretta v. Liberty UIM Claims |

I'll take your word for it. I have to review tomorrow. Thanks.

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Thursday, October 25, 2007 8:26 AM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Liberty UIM Claims

Margaret:

Did you get a chance to open the attachment to yesterday's e-mail? The Maretta's Liberty auto declaration pages (2) and coverage limits for the 4/16/03 to 4/16/04 policy period that includes the 12/16/03 collision by Lewis are there for you and John. The medical payments coverage limit is indeed $10,000 per person.

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Thursday, October 25, 2007 7:52 AM
**To:** Steven C. Fuoco
**Cc:** Boyle, John 03450
**Subject:** RE: Maretta v. Liberty UIM Claims

Hi Steve---

I will review your files as soon as possible. Also, I will double check the medical payments amounts available to them and forward you copies of the declaration pages.

Thanks,

Margaret

---

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Wednesday, October 24, 2007 3:31 PM
**To:** McCaskill, Margaret; Boyle, John 03450
**Cc:** 'richard maretta'
**Subject:** Maretta v. Liberty UIM Claims

Margaret and John:

I write to ask you for a reasonable time frame for Liberty to conclude the evaluation of both my clients' (Richard Maretta and Teresa Maretta) UIM claims. A time frame seems important to set so that my clients' claims continue to move forward to resolution and the parties can begin to prepare for arbitration if necessary. My clients have already named their arbitration panelist.

1

Also, after reviewing my clients' auto declaration page for the 2003-2004 policy covering the Lewis UIM 12/16/03 rear end collision at issue, I learned that my clients actually had $10,000 each in medical payments coverage rather than $5,000 initially believed. Please let this e-mail amend each of my clients' claim demands upward to include the $10,000 medical payments coverage benefit in addition to the $100,000 underinsured motorist coverage benefit for each.

Please see the attached copy of my clients' Liberty auto coverage declaration page for the 4/16/03 to 4/16/04 policy period.

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone:  847/432-LAWS (5297)
Fax:      847/681-9596
Cell:     847/409-1788
E-mail:  sfuoco@sbcglobal.net

2

## Steven C. Fuoco

**From:** Steven C. Fuoco [sfuoco@sbcglobal.net]
**Sent:** Friday, November 02, 2007 1:34 PM
**To:** 'McCaskill, Margaret'
**Subject:** RE: Maretta Claim

Margaret:

To address your question about Teresa's injuries and causation, the issue really is whether Teresa and Richard had a right to obtain at least $100,000 + medical payments each from the UIM, had there been adequate insurance coverage. I believe that the objective answer is yes, no matter if their claims are deemed new injuries or represent aggravations of pre-existing, age related degeneration. Both theories are equally compensable in Illinois law. Neither client had history of continued prior complaints or previous course of treatment for the areas affected by the 12/16/03 collision. Both remain symptomatic. Teresa continues treatment and Richard's neurosurgical care remains open. Moreover, the causation standard is whether the negligence is *a cause* of my clients' injuries and specials. From the long form, 15.01 jury instruction, the negligence does not have to be the nearest cause or the only cause.

The issue for arbitration is what amount of money each of my clients had been entitled to recover for bodily injuries stemming from the UIM's negligence. Both claims are worth more than $100,000 + specials if tried to a Cook County jury. This is especially true given the inattentive, rear-end nature of the collision and the lack of any contributory negligence defense.

Let's wrap this up, please.

Steve

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Friday, November 02, 2007 11:27 AM
**To:** sfuoco@sbcglobal.net
**Subject:** RE: Maretta Claim

Hi Steve---

Checked the files on these.

With regard to the medical payments coverage, we have paid $8,662 on Therese's claim of her $10,000 and $3,304.58 on Richard's claim of his medical payments coverage. If we have bills supporting over $10,000 related to these claims I can go out and pay the remaining coverage to you on the medical payments files. There would be a set off for this coverage to the extent the claims do not exceed our policy limits. I am performing my evaluations and will let you know as soon as I am in a position to make you offers. Therese's is a little involved as she had a pre-existing degenerative lumbar condition and subsequent accidents/falls. Do you have any doctor's reports relating her current condition/treatment to the car accident or is it all based on her claim she was asymptomatic before the accident. Thanks. Margaret

**From:** McCaskill, Margaret
**Sent:** Tuesday, September 18, 2007 12:39 PM
**To:** 'sfuoco@sbcglobal.net'
**Subject:** Maretta Claim

Hi Steve---

1

Ex.T

Sould you let me know what medical records and bills have been forwarded to John Boyle so I can determine whether we are missing anything, I will need these so we can evalaute the UIM claims and make appropriate offers.  Thanks.

Margaret McCaskill
Liberty Mututal

## Steven C. Fuoco

| | |
|---|---|
| **From:** | Steven C. Fuoco [sfuoco@sbcglobal.net] |
| **Sent:** | Wednesday, November 28, 2007 3:54 PM |
| **To:** | 'McCaskill, Margaret'; 'Boyle, John 03450' |
| **Subject:** | Maretta v. Liberty UIM |

Margaret and John:

I write to set a reasonable time frame for Liberty's position regarding my clients' underinsured motorist and med pay claims. I dropped off client claim materials from Marietta v. Lewis to John on 9/28, 10/1 and 10/12. I last wrote via e-mail on 10/24 for a time frame to resolve the claims or being preparing for arbitration. We have yet to set one.

Thank you,

Steve

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone: 847/432-LAWS (5297)
Fax:    847/681-9596
Cell:    847/409-1788
E-mail:  sfuoco@sbcglobal.net

1

Ex. U

**Steven C. Fuoco**

| | |
|---|---|
| **From:** | Steven C. Fuoco [sfuoco@sbcglobal.net] |
| **Sent:** | Wednesday, November 28, 2007 4:03 PM |
| **To:** | 'McCaskill, Margaret' |
| **Subject:** | RE: Maretta v. Liberty UIM |

Here it is and thank you.

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone: 847/432-LAWS (5297)
Fax:     847/681-9596
Cell:    847/409-1788
E-mail: sfuoco@sbcglobal.net

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Wednesday, November 28, 2007 4:01 PM
**To:** Steven C. Fuoco
**Subject:** RE: Maretta v. Liberty UIM

Hi John---

Your case is to be evaluated next week. I have your medpay screens. Please give me your address so I can mail them out. Thanks.

Margaret

> **From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
> **Sent:** Wednesday, November 28, 2007 3:54 PM
> **To:** McCaskill, Margaret; Boyle, John 03450
> **Subject:** Maretta v. Liberty UIM
>
> Margaret and John:
>
> I write to set a reasonable time frame for Liberty's position regarding my clients' underinsured motorist and med pay claims. I dropped off client claim materials from Marietta v. Lewis to John on 9/28, 10/1 and 10/12. I last wrote via e-mail on 10/24 for a time frame to resolve the claims or being preparing for arbitration. We have yet to set one.
>
> Thank you,
>
> Steve
>
> Steven C. Fuoco, Attorney at Law
> 1055 Golf Avenue
> Highland Park, IL 60035-3637
> Phone: 847/432-LAWS (5297)
> Fax:     847/681-9596

1

Ex.V

Cell:      847/409-1788
E-mail:    sfuoco@sbcglobal.net

2

## Steven C. Fuoco

| | |
|---|---|
| **From:** | Steven C. Fuoco [sfuoco@sbcglobal.net] |
| **Sent:** | Monday, December 03, 2007 3:49 PM |
| **To:** | 'Boyle, John 03450' |
| **Cc:** | 'McCaskill, Margaret'; 'Mallo, Scott'; 'Natale, Laurie' |
| **Subject:** | RE: Maretta v. Liberty UIM |

John:

I will have Dr. Bartolomeo's complete patient chart for Richard Maretta on Friday. I will drop this off for you on Friday or Monday.

Steve Fuoco

-----Original Message-----
From: Boyle, John 03450 [mailto:John.Boyle@LibertyMutual.com]
Sent: Monday, December 03, 2007 11:19 AM
To: Steven C. Fuoco
Cc: McCaskill, Margaret; Mallo, Scott; Natale, Laurie
Subject: RE: Maretta v. Liberty UIM

My paralegal, Scott Mallo, will be forwarding the HIPAA release if he hasn't already. Scott is out this week but will return on Monday, 12/10.


John F. Boyle
Regional SIU Counsel
Meachum & Trafman
(312) 726-6317, x356
8-618-2356 (SDN)
Fax: (603) 334-7095
John.Boyle@LibertyMutual.com

-----Original Message-----
From: Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
Sent: Monday, December 03, 2007 10:54 AM
To: Boyle, John 03450
Subject: RE: Maretta v. Liberty UIM

You'll need a HIPAA release. Please send me the form you propose to use for Loyola. Dr. B's records I can you in two days for you.

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, Illinois 60035
Phone: 847/432-LAWS (5297)
Fax:    847/681-9596
Cell:    847/409-1788

-----Original Message-----
From: "Boyle, John 03450" <John.Boyle@LibertyMutual.com>
To: "Steven C. Fuoco" <sfuoco@sbcglobal.net>; "McCaskill, Margaret"
<Margaret.McCaskill@LibertyMutual.com>
Cc: "Mallo, Scott" <Scott.Mallo@LibertyMutual.com>; "Natale, Laurie"

1

Ex. W

\<Laurie.Natale@LibertyMutual.com\>
Sent: 12/3/2007 10:12 AM
Subject: RE: Maretta v. Liberty UIM

Mr. Fuoco - The materials you sent us for Richard Maretta initially consisted mainly of deposition transcripts and medical bills, but not medical records. You subsequently sent us the records for Richard Maretta from Dr. DiGianfilipo and the MRI report. However, we need the records from Loyola and Dr. Bartolomeo as well, and my paralegal is following up with respect to subpoenaing those.

All of these materials are needing to fully review this matter.

John F. Boyle
Regional SIU Counsel
Meachum & Trafman
(312) 726-6317, x356
8-618-2356 (SDN)
Fax: (603) 334-7095
John.Boyle@LibertyMutual.com

--------------------------------------

From: Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
Sent: Wednesday, November 28, 2007 3:54 PM
To: McCaskill, Margaret; Boyle, John 03450
Subject: Maretta v. Liberty UIM


Margaret and John:


I write to set a reasonable time frame for Liberty's position regarding my clients' underinsured motorist and med pay claims. I dropped off client claim materials from Marietta v. Lewis to John on 9/28, 10/1 and 10/12. I last wrote via e-mail on 10/24 for a time frame to resolve the claims or being preparing for arbitration. We have yet to set one.


Thank you,


Steve


Steven  C. Fuoco, Attorney at Law

1055 Golf Avenue

Highland Park, IL 60035-3637

Phone:  847/432-LAWS (5297)

2

Fax:        847/681-9596

Cell:         847/409-1788

E-mail:    sfuoco@sbcglobal.net

**Steven C. Fuoco**
Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596
sfuoco@sbcglobal.net

December 10, 2007

**Via Hand Delivery**

John F. Boyle
Meachum & Traufman
10 South LaSalle Street, Suite 2800
Chicago, IL 60603

Re:    Richard Maretta and Teresa Maretta v. Liberty Mutual
Underinsured Motorist Claim 12/16/03 Loss Date

Dear Mr. Boyle

Please see a complete copy of Richard Maretta's entire patient chart from Family
Medical Practice of LaGrange/Vincenzo Bartolomeo, M.D.

I have yet to hear from your paralegal regarding the Loyola Medical Center records you
also wanted to get

Very truly yours,

Steven C. Fuoco
Counsel for Marettas

enclosure

Ex. X

# MEACHUM & TRAFMAN
## ATTORNEYS AT LAW
10 SOUTH LASALLE STREET
SUITE 2800
CHICAGO, ILLINOIS 60603

TELEPHONE: (312) 726-6317
FAX: (603) 334-9766

LAUREN K. MEACHUM
HOWARD I. TRAFMAN

JAMES C. BARROW
STEVEN K. BECKER
DEBORAH A. BENZING
DAVID W. BOUTWELL
JOHN P. BOYLE
ANDREW S. BRAVERMAN
ADAM J. COX
SUSAN P. GREENROCK
SARAH W. HIMMEL
JAMES W. JANNISCH
BRADLEY S. LICHTMAN
GARY A. MAREK

A Staff Legal Office of the Liberty Mutual Group
Not a Partnership or Professional Corporation

ALFRED NORMAN
PATRICK H. NORRIS
CARL A. REDMOND
THOMAS W. STARCK
THOMAS E. STRZALKA

SR. PARALEGAL
GENEVA KENNEDY

PARALEGALS
SHAJIA AZMI
VERA HAMILTON-DUKES
KRISTY R. JOHNSEN
SCOTT J. MALLO

December 13, 2007

**_Via Fax Only (847-681-9596)_**
Mr. Steven C. Fuoco
1055 Golf Avenue
Highland Park, IL 60035

Re:            Richard Maretta v LMIC
Claim Number:  LA414-004191818-0005

Dear Mr. Fuoco:

Enclosed please find an authorization form to be completed by your client. Please return this
form to me as soon as possible.

Thank you for your help in this matter.

Very truly yours,

Scott Mallo
Paralegal II

Enclosure

Ex. Y

**Steven C. Fuoco**
Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596
sfuoco@sbcglobal.net

January 8, 2008

**Via Hand Delivery**

John F. Boyle
Meachum & Traufman
10 South LaSalle Street, Suite 2800
Chicago, IL 60603

Re:    Richard Maretta and Teresa Maretta v. Liberty Mutual
       Underinsured Motorist Claim 12/16/03 Loss Date

Dear Mr. Boyle

    Please find enclosed the Authorization for Release of Medical Information executed by my client, Richard Maretta. We will need the opportunity to review each of the record sets Liberty obtains with this Authorization once each set is received. Or using a copy service to retrieve each record set would be most helpful.

                               Very truly yours,

                               Steven C. Fuoco
                               Counsel for Maretta

Enclosure

1

Ex.2

AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS

(COMPLIANT WITH HIPAA)

I, Richard Maretta, Date of Birth: __01/27/1949, Social Security Number: ▇▇▇-3972, hereby authorize: Loyola University Medical Center; Dr. Vince Bartolomeo/Family Medical Group of LaGrange; LaGrange Memorial Hospital; Dr. Anthony DiGianfilippo/West Suburban Neurosurgical Associates; Westbrook Open MRI; and University of Illinois at Chicago Medical Center.

to release the following information concerning, only to MEACHUM & TRAFMAN and/or their agent, Keais Records Service.

Information to be released concerning the care and treatment of Richard Maretta, from dates Any and all to Any and all:

    x  A. Complete Medical Records including any and all documents listed under this Part A below:

- x Emergency Room Records
- x Admission & Discharge Summaries
- x Operative Reports
- x Consultation Reports
- x Radiology Reports
- x Diagnostic Test Reports/Results
- x Laboratory Reports
- x Pathology Reports
- x Progress Notes
- x Physician/Nursing Notes
- x Physical Therapy Records
- x Medication/ Prescription Records
- x Treatment Planning Forms
- x Clinic/Office Records
- x Correspondence With Patient's Other Physicians
- x Correspondence With Patient's Health Insurance Companies
- x Correspondence With Patient's Liability Insurance Companies
- x Correspondence With Patient's Workers' Compensation Insurance Companies

_____ B.  Record Abstract

_____ C.  Radiology Films

_____ D.  Pathology Slides

_____ E.  Narrative Medical Report, as specified by the accompanying letter

_____ F.  Itemized Billing for all medical services provided

*Page 1 of 2*

x   G.   Other, as specified here ___Any and all records___

_____

_____     _____

Release of the aforesaid records is required for the purpose of
prosecution, settlement and/or trial of an accident or injury claim
involving patient.

I understand that any and all information used or disclosed
pursuant to this authorization may be subject to re-disclosure by
my attorney Steven C. Fuoco, or any subsequent recipient of the
information, and may no longer by protected by federal privacy
laws or regulations.

I understand that I have the right to inspect the disclosed
information and may revoke this authorization at any time in
writing except to the extent that records have already been
released. In the event that written revocation of this consent is
not made, this authorization will automatically expire in (6)
months unless otherwise amended.

I understand that authorizing the use or disclosure of the
information identified above is voluntary. I need not sign this
form to ensure healthcare treatment.

A copy of this medical authorization shall be valid as an original.

_____          ___12-17-2007___
Signature:                                      Date of Signature
Patient or Legally Authorized
Patient Representative


_____
Relationship to Patient of Legally Authorized Representative

_____          ___17 Dec 2007___
Signature of Witness                       Date of signature

*Page 2 of 2*



## KEAIS
## RECORDS
## SERVICE
### INCORPORATED

### FAX COVER SHEET

**DATE:**  2-18-08

**TOTAL NUMBER OF PAGES:**  3
**(INCLUDING COVER SHEET)**

**TO:**

Steven Fuoco
Steven Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035
(847) 432-5297 Tel
(847) 681-9596 Fax

**FROM:**

Keais Records Service, Inc.
1010 Lamar, 3rd Floor
Houston, TX 77002
(713) 224-6865 Tel
(713) 224-6880 Fax

**RECORDS ON:  Richard Maretta**

Please be advised that we are attempting to obtain records on behalf of The Law Offices of Lauren Meachum from Loyola
University Medical Center but the HIPAA authorization does not include the release of sensitive information and the
facility will not accept the authorization without this statement. Please complete the attached form and fax back to 713-
224-6880
Thanks!  Stephanie Chomyk

Cc: Scott Mallo: Meachum 603-334-9766

**CONFIDENTIALITY NOTICE:**  This telecopy transmission contains confidential information. The
information is intended only for the use of the recipient named above.
If you have received this telecopy in error, please notify us immediately by telephone.
You are cautioned that any disclosure, copying, distribution, or other use of the
transmitted information is strictly prohibited.

*If you experience any problems with this transmission or have any questions,*
*please call Keais Records Service, Inc. at the number listed above.*

Ex. AA

**Steven C. Fuoco**

Attorney at Law

1055 Golf Avenue
Highland Park, IL
60035

TEL (847) 432-LAWS (5297)
FAX (847) 681-9596
sfuoco@sbcglobal.net

## FAX TRANSMISSION SHEET

**DATE:**        2/26/08

**TO:**          **Stephanie Chomyk Keais Record Service;**
                 **Scott Mallo Meacham & Traufman**

**FROM:**        **Steve Fuoco**

**FILE NO.**     **Maretta v. Liberty Mutual UIM  (Maretta Loyola Records Release)**

**FAX PHONE NUMBER YOU ARE CALLING: 1-713-224-6880; 1-603-334-9766**

**NUMBER OF PAGES BEING SENT (INCLUDING COVER SHEET): 3**

**COMMENTS/MULTIPLE SEND:**

Please see Loyola University Medical Center records release executed by Richard Maretta

The information contained in this facsimile communication is attorney privileged and confidential information intended only for the use of the individual entity to whom or to which it is addressed. If the recipient of this transmission is not the intended recipient, the recipient is hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication in error, please notify **Steven C. Fuoco** at the above telephone number and return the communication to **Steven C. Fuoco** at the above address via the U.S. Postal Service. Thank you.

*Ex.BB*

BROADCAST REPORT

```
TIME  : 02/26/2008 14:16
NAME  : STEVEN C FUOCO
FAX   : 18476819596
TEL   : 18474325297
SER.# : H6J252157
```

| PAGE(S) | 03 |
|---------|----|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|------|------|-------------|----------|---------|--------|---------|
| 02/26 | 14:13 | 17132246880 | 01:05 | 03 | OK | |
| 02/26 | 14:15 | 16033349766 | 01:05 | 03 | OK | ECM |

```
BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVERPAGE
PC  : PC-FAX
```

## AUTHORIZATION FOR DISCLOSURE
## RELEASE OF HEALTH INFORMATION/MEDICAL RECORDS

Health Insurance Portability and Accountability Act of 1996
45 CFR Subtitle A, Subchapter C, Part 164.512 (e) (1) (iii)

**Identification of patient:**

RICHARD J. MARETTA                    ___ - 3972
PATIENT'S NAME                        PATIENT'S SOCIAL SECURITY NO.

01 - 27 - 1949                        Loyola Univ Medical Center
PATIENT'S DATE OF BIRTH               FACILITY/PROVIDER TO RELEASE

Dates of service/treatment to be released:    **all**    to _____

**Class of persons authorized to make the disclosure:** All physicians and other health care providers who have examined, treated, consulted with, or x-rayed Richard MARETTA and all hospitals, nursing facilities, rehabilitation facilities, clinics or laboratories in which Richard MARETTA has been a patient and/or resident.

**Description of information to be disclosed:** You are hereby authorized and directed by the undersigned to give to the bearer of this authorization, or any photostatic copy thereof, any and all information relative to RICHARD MARETTA 's physical, emotional, and mental condition and permit the bearer to examine x-rays, laboratory reports, and medical records of any kind which reflect diagnosis, treatment, prognosis, and any other information concerning illness, injuries, or disability. Such information shall specifically include, but is not limited to, itemized billing records/statements, history & physical, operative reports, lab/pathology reports, consultation reports, physicians' orders, discharge/death summary, x-ray reports/images, other radiographic reports/images, emergency room records, face sheets, nurses' notes, flow sheets, pharmacy and medication records, care plans, assessment tools, screening tools, summaries, social workers, legal, and monitor strips, readouts or printouts. I understand that the specified information to be released may include, but is not limited to: history, diagnosis and/or treatment of drug or alcohol abuse, mental illness, psychological and/or psychiatric treatment, counseling records/notes, genetic testing or communicable disease, including Human Immunodeficiency Virus (HIV) and Acquired Immune Deficiency Syndrome (AIDS). You are hereby authorized and directed to make available all such information for inspection and copying.

**Person or entity to whom information is to be released/disclosed:** Meacham and Trautman; Law Offices of Laura Mecham or it's agent, Keais records Service, Inc and Richard Maretta Consel, Steven C. Fuoco

**Purpose of this authorization:** At the request of the undersigned individual and for the investigation of a potential claim and for use in potential litigation and litigation including pretrial, trial, post-trial, appeal and any division, extension, continuation or refiling thereof.

**Duration of this authorization:** This authorization expires one (1) year from the date signed.

I understand that I may revoke this authorization in writing at any time by contacting the Release of Information Dept. at Loyola Univ. Medical Center , except to the extent that action

has been taken in reliance upon the authorization. I understand that information used or disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected.

I understand that I have a right to a copy of this authorization.

I understand that treatment or payment cannot be conditioned on my signing this authorization, except in certain circumstances such as for participation in research programs, or authorization of the release of testing results for pre-employment purposes.

A photostatic copy of this authorization shall be considered as valid as the original.

02—25—2008

DATE SIGNED

RICHARD J. MARETTA

PRINTED NAME OF PERSON LEGALLY
AUTHORIZED TO MAKE RELEASE

SIGNATURE OF PERSON LEGALLY
AUTHORIZED TO MAKE RELEASE

Self

CAPACITY OF PERSON LEGALLY AUTHORIZED
TO MAKE RELEASE
(if self state "self")

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and considerations therein expressed.

Given under my hand and seal of office this 25th day of February, 20 08

OFFICIAL SEAL
LINDA SOKOL FRANCIS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/25/09

NOTARY PUBLIC

My Commission Expires: 7/25/09

LAW OFFICES OF
# LAUREN K. MEACHUM
10 SOUTH LASALLE STREET
SUITE 2800
CHICAGO, ILLINOIS 60603

TELEPHONE: (312) 726-6317
FAX: (603) 334-9766

LAUREN K. MEACHUM

JAMES C. BARROW
STEVEN K. BECKER
DEBORAH A. BENZING
DAVID W. BOUTWELL
JOHN E. BOYLE
ANDREW S. BRAVERMAN
ADAM J. COX
SUSAN P. GREENROCK
SARAH W. HUMMEL
JAMES W. JANNICH
BRADLEY S. LICHTMAN
GARY A. MAREK

A Staff Legal Office of the Liberty Mutual Group
Not a Partnership or Professional Corporation

April 16, 2008

ALFRED NORMAN
PATRICK H. NORRIS
CARL A. REDMOND
THOMAS W. STARCK
THOMAS E. STRZALKA

SR. PARALEGAL
GENEVA KENNEDY

PARALEGALS
MEKA HAMILTON-DUKES
KRISTY R. JOHNSEN
SCOTT J. MALLO

Via Fax Only (847-681-9596)
Mr. Steven Fuoco

RE:     Maretta, Richard v. LMIC
        File Number:    LA414-004191818-0005
        Court Number:   UIM

Dear Mr. Fuoco:

Enclosed please find the invoices from University of Illinois Medical Center, Loyola University Medical Center and LaGrange Memorial Hospital.

Pursuant to our earlier conversations you indicated that you would pay half the cost of obtaining records in return for copies. Please forward a check to my attention in the amount of $250.79 made payable to Liberty Mutual Insurance Company. Once I receive the check I'll forward you a copy of the records.

If you have any questions please let me know.

Thank you.

Very truly yours,

Scott Mallo
Paralegal II

Ex.CC

# INVOICE

Keais Records Service, Inc.
1010 Lamar, 3rd Floor
Houston, TX 77002
(713) 224-6865    Fax (713) 224-6880

| INVOICE NO. | DATE | TERMS |
|---|---|---|
| 383770 | 02/26/2008 | |

| ORDER NO. | ORDER DATE | CAUSE NO. |
|---|---|---|
| 01-73671-002 | 01/14/2008 | |

### CASE CAPTION

Maretta vs. LMIC

### RECORDS PERTAINING TO

Richard Maretta
SSN : ***-**-****                DOB : 01/27/1949

John Boyle
Law Offices of Lauren K. Meachum
10 South Lasalle
Suite 2800
Chicago, IL 60603

### RECORDS FROM

University of Illinois Medical Center   Medical Records (Medical Records)
833 South Wood Street, Room 58A   Chicago, IL 60612

1 SET OF Medical Records RECORDS OF :
  Richard Maretta
                      BASE FEE                                    39.00
                      U.S. Mail                                    5.94
                      CUSTODIAN FEE                               29.70
                      Scanning--Online copy        6 Pages         3.00
(TAXABLE  $  77.64)
                                                           _____
                      TOTAL  DUE  >>>>             77.64

Online Only.

TAX ID NO. : 74-1871731                              (312) 726-6317   Fax (603) 334-9766

*Please detach and return this portion with your payment*

John Boyle
Law Offices of Lauren K. Meachum
10 South Lasalle
Suite 2800
Chicago, IL 60603

Invoice No. : 383770
Date        : 02/26/2008
TOTAL DUE   : $    77.64


Order No.  : 01-73671-002
Cause No.  :
Maretta vs. LMIC

Remit To:   Keais Records Service, Inc.
            1010 Lamar, 3rd Floor
            Houston, TX 77002

APR 16 2008 08:55 FR MEAC    M SPAHR COZZI &2 443 9282 TO    76819596    P.03

# INVOICE

Keais Records Service, Inc.
1010 Lamar, 3rd Floor
Houston, TX 77002
(713) 224-6865    Fax (713) 224-6880

| INVOICE NO. | DATE | TERMS |
|---|---|---|
| 389919 | 03/19/2008 | |
| ORDER NO. | ORDER DATE | CAUSE NO. |
| 01-73671-001 | 02/27/2008 | |

**CASE CAPTION**

Maretta vs. LMIC

**RECORDS PERTAINING TO**

John Boyle
Law Offices of Lauren K. Meachum
10 South Lasalle
Suite 2800
Chicago, IL 60603

Richard Maretta
SSN : ***-**-****            DOB : 01/27/1949

| RECORDS FROM | | |
|---|---|---|

Loyola University Medical Center   Medical Records (Medical Records)
2160 South 1st Avenue,  Bldg. 105, Room 0856 Maguire Bldg.  Maywood, IL 60153

```
1 SET OF Medical Records RECORDS OF :
    Richard Maretta
                    BASE FEE                          39.00
                    U.S. Mail                          5.94
                    CUSTODIAN FEE                     113.98
                    Scanning--Online copy    121 Pages  60.50
(TAXABLE   $   219.42)

                            TOTAL  DUE  >>>>     219.42


Online only.
```

TAX ID NO. : 74-1871731                                    (312) 726-6317   Fax (603) 334-9766

*Please detach and return this portion with your payment*

John Boyle
Law Offices of Lauren K. Meachum
10 South Lasalle
Suite 2800
Chicago, IL 60603

```
Invoice No.: 389919
Date       :  03/19/2008
TOTAL DUE  :  $   219.42



Order No.  :  01-73671-001
Cause No.  :
Maretta vs. LMIC
```

Remit To:   **Keais Records Service, Inc.**
            **1010 Lamar, 3rd Floor**
            **Houston, TX 77002**

RECE  D 04/16/2008 09:00   18476819596          STEVEN C FUOCO
APR 16 2008 08:55 FR MEACHUM SPAHR COZZI &2 443 9282 TO 18476819596          P.04

# I N V O I C E

Keais Records Service, Inc.
1010 Lamar, 3rd Floor
Houston, TX 77002
(713) 224-6865   Fax (713) 224-6880

| INVOICE NO. | DATE | TERMS |
|---|---|---|
| 376558 | 02/06/2008 | |
| ORDER NO. | ORDER DATE | CAUSE NO. |
| 01-73671-003 | 01/14/2008 | |

**CASE CAPTION**

Maretta vs. LMIC

**RECORDS PERTAINING TO**

Richard Maretta
SSN : ***-**-****                    DOB : 01/27/1949

John Boyle
Law Offices of Lauren K. Meachum
10 South Lasalle
Suite 2800
Chicago, IL 60603

| RECORDS FROM | | |
|---|---|---|

LaGrange Memorial Hospital   Medical Records (Medical Records)
5101 Willow Springs Road   LaGrange, IL 60525

1 SET OF Medical Records RECORDS OF :
   Richard Maretta
                    BASE FEE                                    39.00
                    U.S. Mail                                    5.94
                    CUSTODIAN FEE                               92.08
                    Scanning--Online copy        135 Pages      67.50
(TAXABLE   $   204.52)

                                    TOTAL   DUE  >>>>          204.52

Online Only.

TAX ID NO. : 74-1871731                            (312) 726-6317   Fax (603) 334-9766

*Please detach and return this portion with your payment*

John Boyle
Law Offices of Lauren K. Meachum
10 South Lasalle
Suite 2800
Chicago, IL 60603

Invoice No. : 376558
Date       : 02/06/2008
TOTAL DUE  : $   204.52

Order No.  : 01-73671-003
Cause No.  :
Maretta vs. LMIC

Remit To:   **Keais Records Service, Inc.**
            **1010 Lamar, 3rd Floor**
            **Houston, TX 77002**

** TOTAL PAGE.04 **

## Steven C. Fuoco

**From:**      Steven C. Fuoco [sfuoco@sbcglobal.net]
**Sent:**       Wednesday, April 23, 2008 1:43 PM
**To:**         'McCaskill, Margaret'; 'Boyle, John 03450'
**Subject:**   Maretta v. LMIC (UIM)

Margaret and John:

I'm writing to follow up with you about this pending UIM case. My clients' demands each for the UIM limit of $100,000 plus the med pay coverage of $10,000 have been pending since last September 2007. I've been working with Scott Mallo to cooperate fully with Liberty's various requests for medical records for both Richard Maretta and Teresa Maretta. I understand that all medical records Liberty has sought by authorization were received a month or more ago.

May I have Liberty's response to each of my client's $110,000 demands, please? We're now approaching seven months since the demands were first made.

Margaret, I did not receive the med pay screen that we were in touch about via e-mail on 11/28/07. Please see our writing below:

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Wednesday, November 28, 2007 4:03 PM
**To:** McCaskill, Margaret
**Subject:** RE: Maretta v. Liberty UIM

Here it is and thank you.

Steven C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone: 847/432-LAWS (5297)
Fax:     847/681-9596
Cell:     847/409-1788
E-mail:   sfuoco@sbcglobal.net

**From:** McCaskill, Margaret [mailto:Margaret.McCaskill@LibertyMutual.com]
**Sent:** Wednesday, November 28, 2007 4:01 PM
**To:** Steven C. Fuoco
**Subject:** RE: Maretta v. Liberty UIM

Hi John---

Your case is to be evaluated next week. I have your medpay screens. Please give me your address so I can mail them out. Thanks.

Margaret

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Wednesday, November 28, 2007 3:54 PM

Ex. DD

**To:** McCaskill, Margaret; Boyle, John 03450
**Subject:** Maretta v. Liberty UIM

Margaret and John:

I write to set a reasonable time frame for Liberty's position regarding my clients' underinsured motorist and med pay claims. I dropped off client claim materials from Marietta v. Lewis to John on 9/28, 10/1 and 10/12. I last wrote via e-mail on 10/24 for a time frame to resolve the claims or being preparing for arbitration. We have yet to set one.

Thank you,

Steve

Steven  C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone:  847/432-LAWS (5297)
Fax:      847/681-9596
Cell:      847/409-1788
E-mail:  sfuoco@sbcglobal.net

Steven  C. Fuoco, Attorney at Law
1055 Golf Avenue
Highland Park, IL 60035-3637
Phone:  847/432-LAWS (5297)
Fax:      847/681-9596
Cell:      847/409-1788
E-mail:  sfuoco@sbcglobal.net

LAW OFFICES OF
# LAUREN K. MEACHUM
10 SOUTH LASALLE STREET
SUITE 2800
CHICAGO, ILLINOIS 60603

TELEPHONE: (312) 726-6317
FAX: (603) 334-9766

LAUREN K. MEACHUM

JAMES C. BARROW
STEVEN K. BECKER
DEBORAH A. BENZING
DAVID W. BOUTWELL
JOHN F. BOYLE
ANDREW S. BRAVERMAN
ADAM J. COX
SUSAN P. GREENROCK
SARAH W. HUMMEL
JAMES W. JANNISCH
BRADLEY S. LICHTMAN
GARY A. MAREK

A Staff Legal Office of the Liberty Mutual Group
Not a Partnership or Professional Corporation

ALFRED NORMAN
PATRICK H. NORRIS
CARL A REDMOND
THOMAS W. STARCK
THOMAS E. STRZALKA

SR. PARALEGAL
GENEVA KENNEDY

PARALEGALS
MEKA HAMILTON-DUKES
KRISTY R. JOHNSEN
SCOTT J. MALLO

May 8, 2007

Mr. Steven Fuoco
1055 Golf Avenue
Highland Park, IL 60035

RE:     Maretta, Richard v. LMIC
        File Number:    LA414-004191818-0005
        Court Number:   UIM

Dear Mr. Fuoco:

Please be advised that Margaret McCaskill is no longer with Liberty Mutual Insurance Company. This file is presently being reassigned at the claim level. The new claim handler will then have to evaluate the claims for settlement. Please note that this process should take at least thirty days.

With respect to your recent request for a response to your clients' demands for the $100,000.00 UIM limit plus the $10,000.00 in med pay coverage (each), please be advised that your clients would not be entitled to those amounts even if the limits were paid (which I am not suggesting they will be). Rather, it is my understanding that the UIM policy limits are $100,000.00/$300,000.00. Theresa Maretta would have a set-off of $30,000.00 consisting of the $20,000.00 underlying settlement plus $10,000.00 in med pay paid. Richard Maretta would have a set-off of $23,304.00 (the $20,000.00 underlying settlement plus the $3,304.00 in med pay paid) less $2,974.12 paid back on the med pay, or $20,329.88.

Very truly yours,

John F. Boyle
JFB/ln
Cc:     Mr. Robert Chic

Ex. EE

# Steven C. Fuoco

| | |
|---|---|
| **From:** | Steven C. Fuoco [sfuoco@sbcglobal.net] |
| **Sent:** | Wednesday, May 14, 2008 4:30 PM |
| **To:** | 'Boyle, John 03450'; 'Chic, Robert' |
| **Subject:** | RE: Maretta v. LMIC  Request for Certified Policy Copy |

John:

Thank you for the forward.

**From:** Boyle, John 03450 [mailto:John.Boyle@LibertyMutual.com]
**Sent:** Wednesday, May 14, 2008 4:26 PM
**To:** Chic, Robert
**Cc:** sfuoco@sbcglobal.net
**Subject:** FW: Maretta v. LMIC Request for Certified Policy Copy

Bob - Please see below from Mr. Fuoco.

Mr. Fuoco - Please note that Mr. Chic was Ms. McCaskill's supervisor and is not the adjuster who this file will be reassigned to.

John F. Boyle
Regional SIU Counsel
Liberty Mutual Insurance Company
(312) 726-6317, x356
8-618-2356 (SDN)
Fax: (603) 334-7095
John.Boyle@LibertyMutual.com

**From:** Steven C. Fuoco [mailto:sfuoco@sbcglobal.net]
**Sent:** Monday, May 12, 2008 9:14 PM
**To:** Boyle, John 03450
**Subject:** Maretta v. LMIC Request for Certified Policy Copy

John:

I got your 5/8 letter in today's mail. Thank you for the update. I can see that we have a few issues to clear up. My clients did not get $20,000 each from the Affirmative underinsured motorist. Affirmative's payment to LMIC of med pay subro for each Maretta reduced each BI settlement from $20,000. LMIC will need to give a credit to each Maretta for the med pay reimbursements payment LMIC received from Affirmative.

To better understand what rights both LMIC and my clients have under their applicable UIM and Med Pay coverages, please have LMIC claims provide a certified copy of my clients' 2003/2004 auto policy, with all terms, conditions, exclusions and all endorsements (especially UIM) in force as of 12/15/03.  I will need this certified copy in the same 30 day time frame that our new claims analyst gets assigned and studies the claims.

Steven C. Fuoco, Attorney at Law

Ex. GG

1055 Golf Avenue
Highland Park, IL 60035-3637
Phone:  847/432-LAWS (5297)
Fax:      847/681-9596
Cell:     847/409-1788
E-mail:  sfuoco@sbcglobal.net

FILED: AUG 15, 2008
08CV4643
JUDGE NORGLE
MAGISTRATE JUDGE NOLAN
JFB

| | | |
|---|---|---|
| 2120 – Served | 2121 – Served | |
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | CCG N001-10M-1-07-05 ( ) |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

(Name all parties)

TERESA MARETTA and RICHARD MARETTA

v.

LIBERTY MUTUAL FIRE INSURANCE

No. **08CH24504**

**RECEIVED**
STATE OF ILLINOIS

JUL 18 2008   HK 10:15

DEPT. OF INSURANCE
CHICAGO, ILLINOIS

**SUMMONS**

To each Defendant: Liberty Mutual Fire Ins. Co. c/o Michael T. McRaith
Dir. IL Div. of Ins., 100 W. Randolph, Ste.9-301 Chicago 60601

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802_____, Chicago, Illinois 60602

☐ **District 2 - Skokie**      ☐ **District 3 - Rolling Meadows**    ☐ **District 4 - Maywood**
   5600 Old Orchard Rd.          2121 Euclid                            1500 Maybrook Ave.
   Skokie, IL 60077              Rolling Meadows, IL 60008             Maywood, IL 60153

☐ **District 5 - Bridgeview**   ☐ **District 6 - Markham**            ☐ **Child Support**
   10220 S. 76th Ave.            16501 S. Kedzie Pkwy.                 28 North Clark St., Room 200
   Bridgeview, IL 60455         Markham, IL 60426                     Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUL 09 2008

Atty. No.: 42887

Name: Steven C. Fuoco

Atty. for: Plaintiffs

Address: 1055 Golf Avenue

City/State/Zip: Highland Park, IL 60035-3637

Telephone: 847/432-LAWS (5297)

Service by Facsimile Transmission will be accepted at: _____

WITNESS,_____, _____

**DOROTHY BROWN**
CLERK of Clerk of Court

7/18/08

Date of service: 7/18/08
(To be inserted by officer on copy left with defendant or other person)

847/681-9596

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**EXHIBIT**
**2**

PENGAD 800-631-6989